■ HAROLD C. GEARY, Respondent, v HUNTON & WILLIAMS, Appellant, et al., Defendant, and CITIBANK, N. A. et al., Proposed Intervenors-Appellants. [666 NYS2d 804] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered June 18, 1997 in Albany County, which partially denied a motion by defendant Hunton & Williams for a protective order, and (2) from two orders of said court, entered June 18, 1997 in Albany County, which denied motions by Citibank, N. A., Chase Manhattan Bank and Philip Morris Companies, Inc. to, *inter alia*, intervene.

Plaintiff was employed as an associate at the New York City law office of defendant Hunton & Williams (hereinafter the law firm) from June 1991 to August 1993. The record indicates that in October 1992, due to unsatisfactory job performance, plaintiff was advised to seek other employment, with a suggested departure date of February 28, 1993. In early 1993, plaintiff and two other associates reported to management that one of the law firm's partners, defendant Scott J. McKay Wolas, had engaged in improper billing practices relating to certain clients. Plaintiff's employment was extended while the law firm internally investigated these allegations. As plaintiff had worked closely with Wolas, the investigation entailed extensive

interviews and meetings between plaintiff and the partners conducting the investigation. At the conclusion of the investigation, the law firm concluded that no billing improprieties had occurred. Plaintiff's employment thereafter terminated in August 1993.

In May 1996, plaintiff commenced this action for fraud and breach of contract against the law firm and Wolas.[1] Plaintiff alleged that he was fraudulently induced into accepting employment by false misrepresentations from Wolas as to the extent of the law firm's banking litigation practice and that his employment was wrongfully terminated to prevent him from disclosing the allegedly fraudulent billing practices of Wolas in accordance with his obligations under the New York Code of Professional Responsibility. Among his discovery requests, plaintiff sought documents relating to the law firm's internal investigation into Wolas' billing practices, including timesheets, diary entries and billing statements reflecting work performed by Wolas for all clients of the firm; specific demand was made for such records pertaining to the law firm's clients, Citibank, N. A., Chase Manhattan Bank (now known as Manufacturers Hanover Trust and Chemical Bank) and Philip Morris Companies, Inc. (hereinafter collectively referred to as the clients). The law firm, on instructions from its clients, objected to the production of this material on grounds of attorney-client privilege and attorney work product, but did not comply with the provisions of CPLR 3122 (b) in asserting the privilege claims. The law firm asserts that, absent an order or stipulation of confidentiality from plaintiff, it could not fully articulate the privilege claims.

Unable to resolve these discovery issues informally, counsel sought court intervention and, on May 19, 1997, a stipulation of confidentiality was executed by counsel for the parties, which, *inter alia*, directed the production of all of the documents demanded by plaintiff and provided that claims of privilege as to specific documents were to be raised by order to show cause presented to Supreme Court no later than May 22, 1997. Concerning this latter provision of the order, which was handwritten by the Judge at the bottom of the typed stipulation, the parties disagree on this appeal as to whether, as argued by plaintiff, it was part of their stipulation, or, as the law firm claims, it was unilaterally determined by the Judge without the acquiescence of defense counsel.

In any event, the law firm moved by way of order to show

---

1. Wolas has not appeared or answered in this action. He apparently ended his association with the law firm in 1995.

cause dated May 23, 1997 to protect from disclosure those documents described in a "privilege log" which was attached to its application. In support thereof, the law firm relied on affidavits from its counsel and from one of its managing partners. It appears that the law firm also sought separate orders to show cause for protective orders on behalf of the clients, which Supreme Court refused to sign. By notices of motion dated May 23, 1997, the clients moved to intervene in the action and to obtain protective orders relative to the same materials alleged by the law firm to be protected on grounds of attorney-client privilege and work product doctrine. After receiving plaintiff's response to its order to show cause, the law firm attempted to submit a reply thereto, which was rejected by the court as improper in view of the May 19, 1997 stipulation expressly providing that no reply papers would be permitted.

In its decision dated June 16, 1997, and entered June 18, 1997, Supreme Court granted in part and denied in part the law firm's motion for a protective order, indicating that its rulings were based solely on the information and descriptions contained in the privilege log. In separate decisions, dated June 17, 1997 and entered June 18, 1997, the court also denied the motions to intervene. These appeals ensued. We granted a stay of the proceedings and consolidated the appeals.

As a threshold matter, we address the law firm's complaints about the procedure utilized by Supreme Court in attempting to resolve the discovery dispute, namely the court's refusal to accept reply papers or entertain the clients' orders to show cause, as well as the law firm's claim that the procedure for invoking the privilege claims was not part of the stipulation but, rather, was a product of the court's own will. It is settled that a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action (*see, Washburn v Lawrence & Co.,* 222 AD2d 878; *Ricci v Memorial Hosp.,* 209 AD2d 786). Whether the procedure for raising privilege claims as to specific documents was stipulated or decreed is, therefore, of no significance in our decision. While it would seem incongruous for counsel who was otherwise tenacious on the point to have executed a stipulation requiring full disclosure in the absence of a provision for raising privilege claims, even in that event, we would not find that Supreme Court had abused its discretion in ordering the procedure to be followed. Likewise, the court's observation that the clients' interests could have been independently asserted in the form of affidavits incorporated into the law firm's order to show cause is well taken.

We take a very different position, however, as to the manner in which the privilege claims were resolved by Supreme Court. "[W]hether a particular document is or is not protected [by the attorney-client privilege or work product doctrine] is necessarily a fact-specific determination * * * most often requiring in camera review" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [citation omitted]). This determination cannot responsibly be based on generalized descriptions or labels designed by the parties, but rather on complete information as to content and context (*id.*, at 379). This approach is all the more compelling in the case before us, given the obvious internal inconsistencies in the court's rulings on individual items in the log,[2] its failure to articulate the bases for its specific rulings and the insufficient information contained in the log concerning the substance of the billing statements (the privileged status of which turns largely on content). We therefore reverse the order dated June 16, 1997 and remit the matter to Supreme Court in New York County[3] for an in camera review of all documents alleged to be privileged.

We reach a contrary result, however, with respect to the motions to intervene, which we conclude were properly denied. The content of the clients' supporting affidavits and arguments, which essentially mirrored those submitted by the law firm, failed to make the required showing under CPLR 1012 (a) (2) that their interests were not adequately represented. Indeed, the size and substance of the record clearly demonstrates the extent to which the law firm has sought to protect the clients' privileged materials.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order dated June 16, 1997 and entered June 18, 1997 is modified, on the law, without costs, by reversing so much thereof as partially denied the motions for protective orders; matter remitted to the Supreme Court for an in camera review of the documents alleged to be privileged; and, as so modified, affirmed. Ordered that the orders dated June 17, 1997 and entered June 18, 1997 are affirmed, without costs.

---

**2.** Documents with similar descriptions were alternately ruled privileged and discoverable with no discernible reason for the distinction.

**3.** By decision and order entered August 1, 1997, venue was transferred to New York County.