■■■ VINCENT SINOSKY, Appellant, v DEANE SINOSKY, Respondent. [809 NYS2d 743]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered August 20, 2004. The order dismissed the motion of plaintiff to terminate his maintenance obligation and awarded defendant counsel fees.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the application is granted and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following Memorandum: Plaintiff by order to show cause sought an order terminating his maintenance obligation. Supreme Court denied plaintiff's application to depose defendant, and the court thereafter granted defendant's motion seeking dismissal of the motion of plaintiff to terminate his maintenance obligation. We agree with plaintiff that the court abused its discretion in denying his application to depose defendant. "Pursuant to CPLR 3101 (a), '[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof' " (*Matter of New York County DES Litig.*, 171 AD2d 119, 122-123 [1991]). "This provision has been liberally construed to require disclosure where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity.' Thus, restricted only by a test for materiality 'of usefulness and reason,' pretrial discovery is to be encouraged" (*Hoenig v Westphal*, 52 NY2d 605, 608 [1981] [citations omitted], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). While a court has broad discretion in controlling discovery and disclosure, " 'a clear abuse of discretion will prompt appellate action' " (*Bozeman v Jaffey*, 21 AD3d 1344, 1344 [2005], quoting *Geary v Hunton & Williams*, 245 AD2d 936, 938 [1997]). We conclude that there was a clear abuse of discretion herein because plaintiff has established that the opportunity to depose defendant would likely have assisted him in proving his case (*see generally New York County DES Litig.*, 171 AD2d at 122-123). We therefore reverse the order, grant the application and remit the matter to Supreme Court for further proceedings consistent with this decision. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.