■ GREGORY POSER, an Infant, by His Mother and Guardian, CHRISTINE O'BRIEN, et al., Appellants, v TAMARA VARNOVITSKY, Respondent. [849 NYS2d 118]—

Spain, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered April 20, 2007 in Ulster County, which granted defendant's motion to compel certain disclosure by plaintiffs.

Plaintiffs, a mother and her son, commenced this medical malpractice action against the latter's pediatrician, who allegedly failed to diagnose a corneal tear in his eye. After formal discovery was concluded and a note of issue filed, defendant successfully moved for an order compelling plaintiff Christine O'Brien to execute medical authorizations that comply with the Health Insurance Portability and Accountability Act of 1996 (*see* 42 USC § 1320d *et seq.* [hereinafter HIPAA]) to permit defendant's post-note of issue ex parte interviews with plaintiffs' nonparty treating physicians. Plaintiffs appeal from that order, and we affirm.

. The dispositive issue on appeal—whether a court may order a plaintiff who has put his or her medical condition in controversy to execute valid HIPAA releases so as to permit his or her physician to submit to a post-note of issue interview with the adverse party—is a pure question of law that has recently been resolved by the Court of Appeals (*see Arons v Jutkowitz*, 9 NY3d 393, 401-402 [2007]). There, the Court found that it was "entirely proper"—in a case where, as here, plaintiffs refused to sign HIPAA authorizations—for the trial court, on a motion by the defendants, to issue orders compelling plaintiffs to do so (*id.* at 415-416). Specifically, the Court held: "[T]he Privacy Rule does not prevent this informal discovery from going forward, it merely superimposes procedural prerequisites. As a practical matter, this means that the attorney who wishes to contact an adverse party's treating physician must first obtain a valid HIPAA authorization or a court or administrative order; or must issue a subpoena, discovery request or other lawful process with satisfactory assurances relating to either notification or a qualified protective order" (*id.* at 415). Notably, the Court, in approving of this informal practice of interviewing the infant plaintiff's treating physician on the eve of trial, emphasized that the HIPAA authorization does not require the nonparty physician to submit to the interview, but merely reflects that the plaintiff waived his or her physician-patient privilege by bringing the lawsuit (*id.* at 409, 415).

In light of this controlling, dispositive precedent, we can discern no error in Supreme Court's decision to direct O'Brien to execute the HIPAA authorizations.

. Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.