■ GEORGE ROCKMAN, Appellant, v DORIS BARTLETT, Doing Business as MOUNTAIN BUSINESS SERVICES, et al., Respondents. [853 NYS2d 429]—

Kavanagh, J.

Plaintiff retained defendants to prepare his 2003 federal and New York State income tax returns. In that regard, plaintiff provided defendants with documentation establishing that in 2003 he incurred a $91,800 loss from the sale of rental property. On the initial tax return prepared by defendants and subsequently filed with the Internal Revenue Service (hereinafter IRS), only $10,851 of the loss was declared for the 2003 tax year because defendants believed that since the loss was the result of a passive investment, it had to be prorated over a period of years. Later, defendants decided that the entire loss could be declared on the 2003 tax return and prepared an amended return taking the entire loss as a deduction from plaintiff's tax liability for that year. As a result, plaintiff claimed a refund in the amount of $17,526.

Thereafter, the IRS conducted an audit of plaintiff's 2003 tax return and disallowed the deduction of the entire loss as listed on the amended return. Plaintiff did not appeal this determination, but rather commenced this action alleging that defendants committed professional malpractice in their preparation of his tax return and sought as damages the additional expenses that plaintiff incurred as a result of the audit, as well as the amount of the additional taxes he was compelled to pay because the IRS disallowed the deduction. Supreme Court denied plaintiff's motion to strike defendants' affirmative defenses as well as his mo-

tion for summary judgment on the issue of liability, prompting this appeal.

To establish that he is entitled to summary judgment, plaintiff bears the initial burden of presenting competent, prima facie evidence that the accounting services that defendants rendered on his behalf were negligently performed and that, as a result, he incurred costs and expenses that would otherwise have not been sustained (*see Kristina Denise Enters., Inc. v Arnold*, 41 AD3d 788, 788-789 [2007]; *Cumis Ins. Socy. v Tooke*, 293 AD2d 794 [2002]). Plaintiff claims that had defendants deducted the entire loss in the first return filed with the IRS, an amended return would not have been filed, and his tax return would not have been audited. Of course, this proposition is based entirely upon the premise that the only reason the IRS decided to audit plaintiff's tax returns was because he filed an amended tax return, and not because plaintiff took the entire loss as a deduction in a single tax year. The only evidence that plaintiff offers in support of this position is an affidavit from a certified public accountant, Henry Gleich, who opined that the act of filing the amended return, and not the deduction of the entire loss, is why the IRS decided to perform an audit on plaintiff's tax return. Gleich also claimed that had the entire loss been claimed as a deduction in the initial return filed on plaintiff's behalf, an audit never would have been performed. This affidavit is based entirely upon speculation and, without any other evidence to corroborate it, it cannot provide a legal basis for plaintiff's claim of professional malpractice (*see Brooks v Lewin*, 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]).

Plaintiff's claim that defendants committed malpractice is based upon the proposition that the entire loss he sustained in the sale of his property could be taken as a tax deduction in one year. Given that the IRS has rejected that position—and plaintiff has not appealed that determination—it is clear that at the very least questions of fact exist as to whether defendants committed professional malpractice in the preparation of his tax return.*

As to plaintiff's motion to strike defendants' answer, it is well settled that "a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Geary v Hunton & Williams*, 245 AD2d 936, 938 [1997]). We disagree that Supreme Court erred in denying plaintiff's motion to strike.

---

* Defendants cross-moved for summary judgment dismissing the complaint. This motion was also denied and defendants did not appeal that decision, however, at oral argument invited the Court to "search the record" and grant summary judgment in defendants' favor. Under the circumstances presented, we decline that invitation.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.