■ Josephine T. Rossi, Appellant, v Budget Rent A Car/ Budget Car and Truck Rental, Respondent, et al., Defendants. [853 NYS2d 728]—

Rose, J.

Plaintiff, proceeding pro se, commenced this action in January 2001 seeking damages for the personal injuries she allegedly sustained in a 1997 motor vehicle accident. Defendant Budget Rent A Car/Budget Car and Truck Rental (hereinafter defendant) answered and served discovery demands. Plaintiff did not respond to those demands or to defendant's four follow-up letters requesting disclosure. In 2005, defendant filed a request for judicial intervention and, at its request, Supreme Court directed plaintiff to respond to the original discovery demands by January 31, 2006. Although the court granted plaintiff an extension of time, plaintiff only partially responded. By an order issued on May 11, 2006, Supreme Court directed plaintiff to fully respond to all demands by May 31, 2006. Although plaintiff served some responses by that deadline, they were again incomplete and defendant moved to strike the complaint pursuant to CPLR 3126. Finding that plaintiff had willfully disregarded its prior orders and deliberately failed to disclose, among other things, her medical records, Supreme Court granted defendant's motion. Plaintiff appeals.

Where, as here, a party has placed his or her medical condition in issue, the physician/patient privilege and other privacy

protections are deemed waived (*see* CPLR 3121 [a]; *Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 579 [2004]; *Coddington v Lisk*, 249 AD2d 817, 818 [1998]), and this waiver extends to the furnishing of medical authorizations that comply with the Health Insurance Portability and Accountability Act of 1996 (*see Poser v Varnovitsky*, 46 AD3d 1295, 1296 [2007]). In a well-reasoned decision, Supreme Court found that plaintiff failed to provide authorizations and allow access to her medical records which the court had ordered to be produced by reasonable deadlines. Since the record is clear that plaintiff repeatedly disobeyed court orders, evaded her disclosure obligations and frustrated the disclosure process, Supreme Court acted within its discretion in dismissing her claim (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]; *Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 618 [2006]; *Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d at 578).

We have examined plaintiff's remaining contentions, including her claim that Supreme Court should have granted her a protective order guarding the confidentiality of her medical records, and find them to be either unpreserved or lacking in merit.

Peters, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.