■ BARBARA CONGLETON, as Administrator of the Estate of WILLIAM G. CONGLETON, Deceased, Appellant, v UNITED HEALTH SERVICES HOSPITALS, Doing Business as WILSON MEMORIAL REGIONAL MEDICAL CENTER, et al., Respondents, et al., Defendants. [889 NYS2d 701]—

Spain, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered August 1, 2008 in Broome County, which granted certain defendants' motions to dismiss the complaint against them.

Plaintiff, decedent's wife, commenced this negligence action in May 2007 as administrator of decedent's estate, alleging medical malpractice, lack of informed consent and wrongful death against, as relevant here, defendants United Health Ser-

vices Hospital, Teresa Ann Sacco Bedosky, Michael R. Stone, Daniel Young and April Carlin. Decedent had been treated in the emergency room at Wilson Memorial Regional Medical Center on May 13, 2005 by the individual defendants, and he underwent medical tests which reportedly revealed no cardiac problem; he was discharged the next day. He was found deceased four days later, and the autopsy concluded that his death was "[s]udden [and] unexpected," and "consistent with lethal cardiac arrhythmia"—an irregular heartbeat—and that he had idiopathic cardiomyopathy, or disease of the heart muscle. Issue was joined,* in part, and Stone, Young and Bedosky served demands for a bill of particulars (*see* CPLR 3042), disclosure (*see* CPLR 3101) and for authorizations for release of decedent's medical records (*see* CPLR 3120).

As a result of plaintiff's failure to respond to these discovery demands, certain defendants reportedly moved for a conditional order, pursuant to CPLR 3126 (3) and 3042, dismissing the action unless plaintiff responded to their demands by a date certain. While that motion was pending, plaintiff served a bill of particulars that was not verified and one medical authorization for release of United Health's own records. Counsel for certain defendants advised plaintiff that the bill of particulars was not verified, was inadequate, and failed to contain a list of other medical providers and medical authorizations to release those records. Subsequently, and upon the consent of plaintiff's counsel, Supreme Court issued a conditional order in February 2008 dismissing the action on the merits, with prejudice, unless plaintiff complied by March 11, 2008. When plaintiff again failed to comply, Young, United Health, Carlin, Bedosky and Stone (hereinafter collectively referred to as defendants) moved to dismiss the action pursuant to the terms of the court's conditional order, which the court granted, dismissing the action on the merits and with prejudice. Plaintiff now appeals.

Initially, plaintiff raises several arguments for the first time on appeal, including that there was no showing of willful or deliberate violation of the conditional order. In opposing defendants' motions, however, plaintiff only cursorily argued that she had provided an adequate bill of particulars, abandoning any issues pertaining to the willfulness of her noncompliance, possible explanations for failing to verify the bill of particulars or to provide the requested list of medical providers and medical authorizations to release medical records from other medical providers, or giving any defenses to the discovery requests. By

---

* Carlin's answer is not in the record. Defendant Mary Schrouder did not submit papers to Supreme Court and has not appeared on the appeal.

failing to raise these issues before Supreme Court, plaintiff has not preserved them for our review (*see* CPLR 5501 [a] [3]; *see also Dunn v Northgate Ford, Inc.*, 16 AD3d 875, 878 [2005]). In addition, by consenting to the conditional order, plaintiff waived any claims challenging the underlying discovery demands or bills of particulars. As such, the sole issue on appeal relates to plaintiff's noncompliance with the court's *conditional order* and not, as plaintiff attempts to argue, to the validity or scope of defendants' discovery demands.

"Where, as here, a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which is a matter committed to the court's sound discretion" (*Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1360 [2008] [citations omitted]; *see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]). A review of the record before us fails to disclose any grounds for concluding that Supreme Court abused its discretion in granting defendants' motions to dismiss given plaintiff's failure to comply in any respect with the conditional order, to which plaintiff had consented (*see id.*; *see also Arts4All, Ltd. v Hancock*, 12 NY3d 846, 847 [2009]; *Manrique v New York-Presbyterian Hosp.*, 40 AD3d 270 [2007]; *Martel v Chupka*, 26 AD3d 474, 475 [2006]). Notably, plaintiff never objected to any of the requested disclosure (*see* CPLR 3122) and, despite repeated requests, failed—without explanation—to verify her bill of particulars, as required in this negligence action (*see* CPLR 3044; *Martinovics v New York City Health & Hosps. Corp.*, 285 AD2d 532, 535 [2001]).

Contrary to the claim raised for the first time on appeal, defendants' request for a list of decedent's prior treating physicians and for authorization to release their medical records was not protected by the patient-physician privilege, which plaintiff waived with respect to those physical conditions that she affirmatively placed in issue in this lawsuit, namely, decedent's death allegedly due to defendants' failure to compare decedent's test results with prior ones on record (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Rothstein v Huh*, 60 AD3d 839, 839 [2009]; *Rossi v Budget Rent A Car/Budget Car & Truck Rental*, 49 AD3d 1088, 1088-1089 [2008], *lv denied* 11 NY3d 709 [2008]). Given this waiver, defendants were entitled to full disclosure regarding decedent's medical treatment, if any, prior to the date of the alleged negligence, including the furnishing of medical authorizations for those records (*see* CPLR 3121 [a]; *Rossi v Budget Rent A Car/Budget Car & Truck Rental*, 49 AD3d at 1089; *Poser v Varnovitsky*, 46 AD3d 1295, 1296 [2007]; *see also*

*Rothstein v Huh*, 60 AD3d at 839). In view of plaintiff's refusal to submit letters of administration verifying her authority to act on behalf of decedent's estate, and her failure—despite repeated requests from defendants' counsel—to provide *any* further discovery after the conditional order issued or to present any excuse for her noncompliance, thereby "evad[ing] her disclosure obligations and frustrat[ing] the disclosure process" (*Rossi v Budget Rent A Car/Budget Car & Truck Rental*, 49 AD3d at 1089; *see Kihl v Pfeffer*, 94 NY2d at 123), "an inference of willful and contumacious conduct" was warranted (*Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 661 [2004]). Thus, Supreme Court was justified in dismissing her complaint, regardless of the adequacy of her unverified bill of particulars (*see* CPLR 3126 [3]).

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.