McCarthy, J.
Appeal from an order of the Supreme Court (Lynch, J.), entered August 13, 2012 in Albany County, which partially granted plaintiff’s motion to, among other things, preclude certain evidence.
The parties entered into a contract for defendant to construct and renovate a facility owned by plaintiff. After a dispute arose, defendant filed a mechanic’s lien against the property. In May 2009, the parties negotiated a stipulation of settlement requiring plaintiff to pay defendant $105,000 in satisfaction of its obligations under the contract and requiring defendant to, among other things, complete all items on a punch list. It appears that neither party fully performed in accordance with the stipulation. In July 2009, plaintiff sent a letter to defendant’s contract administrator, Carl Holsberger, informing him that counsel had been retained to commence litigation. In March 2010, defendant commenced an action in Schenectady City Court alleging breach of the settlement agreement. Plaintiff later commenced an action in Supreme Court alleging, among other things, breach of the original contract and negligent construction. Supreme Court consolidated the two actions and provided a discovery schedule. Defendant failed to respond to plaintiff’s December 2010 discovery demands and eventually moved for summary judgment. Plaintiff cross-moved to compel discovery (see CPLR 3124). In August 2011, Supreme Court denied defendant’s motion for summary judgment, finding that the settlement agreement was ambiguous, and granted plaintiff’s cross motion, directing defendant to serve discovery responses within 20 days.
Defendant did not timely respond, so Supreme Court set another deadline. Defendant again failed to timely respond, but finally allowed plaintiff to review documents in January 2012; *909 still, no written response to the demands was provided. Plaintiff complained about irregularities and missing documents, but received no response from defendant. In March 2012, 15 months after discovery demands were initially served, plaintiff moved pursuant to CPLR 3126 for preclusion and issue resolution. After giving the parties extensive opportunities to submit additional papers, Supreme Court partially granted plaintiffs motion, found that defendant willfully failed to comply with discovery demands and precluded defendant from offering evidence concerning the stipulation of settlement. Defendant appeals.
Supreme Court did not abuse its discretion by precluding defendant from offering certain evidence. Trial courts have “broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action” (Geary v Hunton & Williams, 245 AD2d 936, 938 [1997]; accord Rockman v Bartlett, 49 AD3d 1072, 1073 [2008]; see Premo v Rosa, 93 AD3d 919, 920 [2012]). Between December 2010 and March 2012, plaintiff repeatedly requested that defendant respond to discovery demands. Despite these requests, numerous established deadlines and three court orders regarding discovery, defendant did not object to the demands (see CPLR 3122), but simply failed to respond. This pattern of noncompliance gave rise to an inference that the nondisclosure was willful, supporting the sanctions imposed (see Matter of Kalin, 79 AD3d 1381, 1383 [2010]; VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd., 78 AD3d 1438, 1439-1440 [2010]). Further establishing willfulness, documentary evidence showed that Holsberger’s sworn explanations regarding the deletion of his email were inaccurate and misleading, in that the deletion occurred after defendant was aware of the potential for litigation and possibly after litigation was commenced (cf. VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [2012]).
Defendant gave no explanation for its failure to provide plaintiff with email from its other employees, save one individual who left defendant’s employ a year prior to the stipulation. Defendant also failed to explain why it did not respond to demands for drafts of pleadings and papers filed in the City Court action.[1] Although defendant contends that the emails were not relevant, relevance of destroyed documents is presumed *910 if the destruction was intentional or willful (see id.; Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 482 [2010]). The relevance of the emails to the present causes of action was further established by defendant’s own reliance on one of Holsberger’s emails in support of its 2011 motion for summary judgment.[2] Accordingly, considering defendant’s continued and willful failure to comply with demands and court orders for disclosure, Supreme Court did not abuse its discretion by precluding defendant from offering evidence on a particular issue (see CPLR 3126 [2]; Matter of Scaccia, 66 AD3d 1247, 1250 [2009]; O’Brien v Clark Equip. Co., 25 AD3d 958, 960 [2006]; see also Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d 1194, 1196 [2011]).
Although defendant’s appeal is meritless, we do not find it so frivolous as to warrant sanctions (see Matter of Garett YY., 258 AD2d 702, 704 [1999]).
Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. Defendant contends that the stipulation of settlement is unambiguous, relegating any emails to the category of inadmissible extrinsic evidence concerning its cause of action on the settlement. This argument is belied by Supreme Court’s 2011 order denying defendant’s motion for summary judgment on the basis that the stipulation is ambiguous. Defendant did not appeal that order.

. On behalf of defendant, Holsberger dismissively responded that plaintiff — as a party — had copies of all pleadings filed in City Court. This response — provided in a motion affidavit, not in a formal written response to plaintiffs discovery demands — did not address defendant’s failure to supply all drafts of such pleadings, as demanded.