Rose, J.E
Appeal from an order of the Supreme Court (O’Shea, J.), entered June 7, 2012 in Chemung County, which, upon remittal, denied plaintiffs cross motion to impose an appropriate discovery sanction against defendant County of Chemung.
In our prior decision in this matter (88 AD3d 1140 [2011]), we reversed that part of an order of Supreme Court granting summary judgment in favor of defendants. In addition, we remitted the matter for consideration of the merits of plaintiffs cross motion for sanctions against defendant County of Chemung pursuant to CPLR 3126 based upon the County’s alleged failure to respond to discovery demands (id. at 1141-1142). *1191 On remittal, Supreme Court denied plaintiffs cross motion for sanctions, concluding that the County had complied with plaintiffs discovery demands to the extent that the requested records were within the County’s possession, custody or control. Plaintiff appeals, and we affirm.
It is well settled that a trial court has broad discretionary power to control discovery and disclosure, and only a clear abuse of discretion will cause us to disturb its determination (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]; Matter of Scaccia, 66 AD3d 1247, 1249 [2009]; Jessmer v Martin, 46 AD3d 1059, 1060 [2007]). Here, the County provided responses — and supplemental responses — to plaintiff’s demands. Although plaintiff maintains that certain documents not produced must necessarily exist, the County denies their existence and has repeatedly explained that it does not have possession, custody or control of the documents sought. Plaintiff claims that records should exist regarding stream repair work, snow removal and oiling and stoning performed on the road in question, as well as records regarding the installation of signs on the road. The County established that it produced its entire road history file that included all the records it had related to the road, including stream repair records. According to the County, it only has snow removal records that reflect the time spent performing such work generally, without reference to specific roads. The County also indicated that it did not have any records regarding oiling and stoning the road and that the records regarding when signs were installed did not exist. Inasmuch as there is no evidence that the documents that plaintiff seeks actually exist and that the County has access to them but has improperly withheld them, plaintiff has failed to show a clear abuse of discretion here (see Mary Imogene Bassett Hosp. v Cannon Design, Inc., 97 AD3d 1030, 1032 [2012]; Matter of Scaccia, 66 AD3d at 1249-1250; cf. Hameroff & Sons, LLC v Plank, LLC, 108 AD3d at 909; Rossi v Budget Rent A Car/Budget Car & Truck Rental, 49 AD3d 1088, 1089 [2008], lv denied 11 NY3d 709 [2008]).
Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.