■ E & M ADVERTISING WEST/CAMELOT MEDIA, INC., Respondent, v VERTICAL LEND, INC., Doing Business as MORTGAGE WAREHOUSE, LTD., Appellant. [846 NYS2d 169]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 18, 2007, which, inter alia, granted plaintiff's motion to strike defendant's answer, to conduct an inquest on papers, and to preclude defendant from relying at the inquest on documents belatedly produced to plaintiff, unanimously reversed, on the facts, without costs, the motion denied and defendant's answer reinstated, on condition that defendant produce David Peskin for deposition within 30 days after service of a copy of this order.

The court erred in striking the answer, because plaintiff did not conclusively show that defendant acted willfully, contumaciously or in bad faith (*see Dauria v City of New York*, 127 AD2d 459, 460 [1987]). While defendant did not produce its president for a deposition despite having been directed to do so, it produced a witness, on the date scheduled for the president's deposition, who it represented had more knowledge than the president concerning the transactions at issue, and offered to produce the president if plaintiff disagreed that the witness was suitable. Moreover, there was some confusion on the part of both parties whether the directive to produce the president was ever reduced to an order. We note further that there was no showing that the president was the only suitable witness. Indeed, there is no indication that plaintiff even designated the president in a notice of deposition (*see* CPLR 3106 [d]).

Nor was it conclusively shown that defendant's delay in responding to plaintiff's discovery demand was willful or contumacious. After its initial counsel withdrew, defendant's

new counsel responded to the demand promptly after the new deadline that had been imposed upon his appearance in the action. Furthermore, plaintiff did not establish that the documents produced by defendant after the expiration of the discovery deadline were not, as defendant's counsel represented, first identified during preparation for defendant's deposition, which plaintiff had agreed to schedule for a date subsequent to the discovery deadline.

In light of our determination, we need not reach the arguments on appeal regarding the inquest. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.