■ DANIEL O. DOHERTY et al., Respondents, v SCHUYLER HILLS, INC., Appellant. [866 NYS2d 410]—

Kane, J. Appeals (1) from an order of the Supreme Court (Platkin, J.), entered May 17, 2007 in Albany County, which, among other things, set forth a date certain for depositions, (2) from an order of said court, entered December 6, 2007, which granted the plaintiffs' motion to strike defendant's answer, and (3) from the judgment entered thereon.

Plaintiffs commenced this action seeking title, by adverse possession, to a strip of land owned by defendant. After issue was joined in April 2006, plaintiffs served discovery demands, including deposition notices. Supreme Court (McCarthy, J.) issued a scheduling order in July 2006. In September 2006, plaintiffs moved for an order pursuant to CPLR 3126 dismissing defendant's answer based on defendant's failure to respond to discovery demands in accordance with the scheduling order. The court denied the motion and issued an amended scheduling order in October 2006. Defendant failed to schedule depositions in compliance with that order, as well as a second amended order issued in December 2006, a third amended order issued in February 2007 and a fourth amended order issued in May 2007. Plaintiffs again moved for an order dismissing the answer and entering a default judgment against defendant. Supreme Court (Platkin, J.) granted the motion. Defendant appeals from the May 2007 amended scheduling order, the order granting plaintiffs' motion and the judgment entered thereon.

Defendant's appeals from the May 2007 scheduling order and the order granting plaintiffs' motion must be dismissed because its right to appeal those intermediate nonfinal orders terminated upon entry of the final judgment (*see Warnke v Warner-Lambert Co.*, 21 AD3d 654, 655 n 2 [2005]). However, the appeal from the final judgment brings up for review these orders (*see Neissel v Rensselaer Polytechnic Inst.*, 54 AD3d 446, 449 n 3 [2008]). Defendant contends that Supreme Court should not have required it to produce certain individuals noticed for deposition by plaintiffs as CPLR 3106 (d) permitted defendant to substitute other individuals with information pertaining to the action. Trial courts have broad discretionary powers to control disclosure, prompting appellate interference only where that discretion was clearly abused (*see Geary v Hunton & Williams*, 245 AD2d 936, 938 [1997]). A court may properly order disclosure even if a party would not have agreed to the method or form of that disclosure (*see id.*). Here, the court did not abuse its discretion in requiring defendant to produce for deposition its president and vice-president, rather than permitting defendant to rely solely on two individuals who were not corporate officers and had no demonstrated official capacity to speak or act on defendant's behalf.

Supreme Court did not err in granting plaintiffs' motion to strike the answer and enter a default judgment against defendant. CPLR 3126 authorizes courts to exercise discretion in fashioning an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information

(*see Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]). Striking a pleading is one remedy provided by the Legislature (*see* CPLR 3126 [3]; *see also Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). Despite a general policy favoring resolution of disputes on the merits, this Court will not disturb a trial court's choice of remedy absent a clear abuse of discretion (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d at 660). The party requesting that a pleading be struck must demonstrate that the offending party's failure to comply was willful and contumacious, which can be inferred from a pattern of noncompliance (*see Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 617-618 [2006]).

The record here demonstrates that defendant repeatedly failed to respond to plaintiffs' requests to schedule depositions, over a course of several months, even after multiple court orders set deadlines for those depositions. The May 2007 order, entered after a compliance conference, directed defendant to produce four named individuals for depositions at plaintiffs' counsel's office on a particular date, as well as confirm in writing, one week prior, defense counsel's intention to appear for depositions. Defense counsel did not provide written notice by the court-ordered deadline, nor by the extended deadline permitted by plaintiffs' counsel. Thereafter, plaintiffs informed defense counsel that they intended to proceed with motion practice to address this noncompliance with the scheduling orders. Nevertheless, the day prior to the scheduled depositions, defense counsel expressed his intent to produce three of the four witnesses but suggested an alternate location. Plaintiffs responded, reiterating their intention to engage in motion practice. Despite the failure to give timely written notice, defense counsel and three witnesses appeared at plaintiffs' counsel's office for the deposition; counsel was not present and the stenographer had been cancelled. Defendant engaged in a pattern of noncompliance, without any suitable excuse, giving rise to an inference of willfulness and contumaciousness, thus justifying Supreme Court's order striking the answer and entering a default judgment in plaintiffs' favor (*cf. Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d at 617-618; *Cavanaugh v Russell Sage Coll.*, 4 AD3d at 660; *compare Fraracci v Lasouska*, 283 AD2d 735, 736-737 [2001]).

Carpinello, Rose and Kavanagh, JJ., concur; Cardona, P.J., not taking part. Ordered that the appeals from the orders entered May 17, 2007 and December 6, 2007 are dismissed. Ordered that the judgment is affirmed, with costs.