■ In the Matter of the Testamentary Trust Created by the Will of VICTOR B. KALIN, Deceased. REBECCA KALIN et al.,

Respondents; RICHARD B. KALIN, as Successor Trustee of the Testamentary Trust Created by the Will of VICTOR B. KALIN, Deceased, Appellant. (Proceeding No. 1.) In the Matter of the Estate of CATHERINE B. KALIN, Also Known as CATHERINE KALIN, Deceased. REBECCA KALIN, as Executor of CATHERINE B. KALIN, Also Known as CATHERINE KALIN, Deceased, Respondent; RICHARD B. KALIN, Appellant. (Proceeding No. 2.) [915 NYS2d 321]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Ulster County (Work, S.), entered March 12, 2009, which, among other things, granted petitioner Rebecca Kalin's motion for a default judgment in proceeding No. 2.

The litigants are surviving adult children feuding over their deceased parents' wealth. Respondent is the successor trustee of a testamentary trust established by the parties' father. He allegedly fraudulently mismanaged the trust to the financial benefit of himself and his corporation. Petitioner Rebecca Kalin (hereinafter petitioner) is the executor of the mother's estate, and she commenced proceedings to, among other things, remove respondent as trustee and obtain judicial settlement of her intermediate account. Over the course of several years, respondent failed to fully comply with two discovery orders issued by Surrogate's Court in the pending litigation. After a final written request for the demanded information went unanswered, petitioner moved pursuant to CPLR 3126 for a default judgment on her petition for judicial settlement of her intermediate account (proceeding No. 2). Surrogate's Court, while noting that some documents had been supplied and that respondent had appeared twice for depositions (but without providing documents directed to be produced), determined that respondent had "evaded . . . outstanding discovery for three years" and that his compliance with the discovery orders "remain[ed] substantially incomplete." The court thus granted petitioner's motion in that proceeding and respondent now appeals.

"[T]he Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a 'court may make such orders . . . as are just,' including dismissal," striking pleadings or default judgment (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999], quoting CPLR 3126; *see Olmsted v Pizza Hut of Am., Inc.*, 61 AD3d 1238, 1241 [2009]; *Cafferty v Thomas, Collison & Place*, 282 AD2d 959, 960-961 [2001]). "Despite a general policy favoring resolution of disputes on the merits, this Court will not disturb a trial court's choice of remedy absent a clear abuse of discretion" (*Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1176 [2008]

[citation omitted]; *see Hesse Constr., LLC v Fisher*, 61 AD3d 1143, 1144 [2009]; *Appler v Riverview Obstetrics & Gynecology, P.C.*, 9 AD3d 577, 578 [2004]). Here, respondent's failure to substantially comply with two orders for approximately three years gave rise to an inference of willfulness sufficient to support the relief granted, and an adequate explanation for the protracted delay was not provided (*see Matter of Scaccia*, 66 AD3d 1247, 1250 [2009]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660-661 [2004]). Under such circumstances, we are unpersuaded that Surrogate's Court abused its discretion (*see Matter of Scaccia*, 66 AD3d at 1250; *Doherty v Schuyler Hills, Inc.*, 55 AD3d at 1175-1176).

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.