■ JOHN BARNWELL, Respondent, v EMIGRANT SAVINGS BANK et al., Appellants. [916 NYS2d 506]—Order, Supreme Court, New York County (Paul Wooten, J.), entered July 12, 2010, which granted plaintiff's motion to compel the deposition of defendants' Chairman and Chief Executive Officer, and denied defendants' cross motion for a protective order, unanimously reversed, on the facts and in the exercise of discretion, without costs, the motion denied and the cross motion granted.

In this age discrimination action, after plaintiff requested to depose Howard Milstein, defendants' Chairman and Chief Executive Officer, defendants complied with CPLR 3106 (d) by notifying plaintiff that they would initially produce Lou Schlosser as a deponent, would produce Janet Martin second, and would then consider producing Milstein. Schlosser, who was plaintiff's supervisor and participated in discussions concerning whether to terminate plaintiff, would likely provide material testimony based on his personal knowledge of the facts surrounding the action. In contrast, Milstein appears to have had little contact with plaintiff, and plaintiff fails to show that Milstein's testimony would be unique (*see Weiner v Jewish Home & Hosp. for Aged*, 243 AD2d 403 [1997]). Regardless, defendants appear to have made a good-faith representation that they will produce Milstein if plaintiff determines, after deposing Schlosser and Martin, that Milstein's testimony would be material and unique

(*see E & M Adv. West/Camelot Media, Inc. v Vertical Lend, Inc.*, 45 AD3d 502 [2007]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.