■ SUGAR FOODS DE MEXICO, Respondent, v SCIENTIFIC SCENTS, LLC, Also Known as SCIENTIFIC SENTS, LLC and Others, Doing Business as BETTERBODZ and Others, Appellant. [931

NYS2d 771]—

Spain, J.

Pursuant to a purchase order placed by defendant in 2006, plaintiff packaged defendant's seasoning product and shipped it to a distributor in two installments. When defendant failed to pay plaintiff despite not rejecting the packaged product, plaintiff commenced an action to collect the amount due ($148,605.00) with interest, alleging causes of action for goods sold and delivered and for an account stated. Defendant served an answer denying the claims and asserted counterclaims for breach of contract and breach of warranties related to plaintiff's alleged defective packaging of its product.

In December 2008, Supreme Court granted plaintiff's motion for summary judgment on defendant's liability to it, subject only to the possibility of defendant receiving an offset against the amount recovered if defendant were to demonstrate that the packaging produced by plaintiff were defective, as alleged in the counterclaim. As a result, plaintiff filed discovery demands upon defendant on March 12, 2009, which defendant neither complied with nor objected to. Plaintiff then moved, among other things, to strike defendant's answer for failure to comply with those discovery demands.

By decision and order dated October 23, 2009, Supreme Court, among other things, conditionally granted plaintiff's motion and struck the answer "unless within 30 days of the service of a copy of this decision and order, with notice of entry, defendant complies with plaintiff's [March 2009] notice for discovery and inspection." Despite being served with notice of entry of this conditional order, defendant never complied, objected or responded.

More than four months after notice of entry of the conditional order and after a lapse of over a year since plaintiff's discovery demand, plaintiff renewed its motion to strike defendant's answer for failure to respond to the court-ordered discovery request. Supreme Court granted the motion to strike defendant's answer "in all aspects for failing to serve discovery responses as directed by this Court's Order dated October 23, 2009." A default judgment was entered in the Saratoga County

Clerk's office for the sum certain demanded in plaintiff's complaint, including interest, totaling $199,215.28. Defendant now appeals.

"Where, as here, a party fails to comply with a discovery order, CPLR 3126 authorizes the court to fashion an appropriate remedy, the nature and degree of which [are] . . . matter[s] committed to the court's sound discretion" (*Myers v Community Gen. Hosp. of Sullivan County*, 51 AD3d 1359, 1360 [2008] [citations omitted]; *see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Congleton v United Health Servs. Hosps.*, 67 AD3d 1148, 1150 [2009]; *Pangea Farm, Inc. v Sack*, 51 AD3d 1352, 1354 [2008]). "The penalty imposed will not be disturbed absent a clear abuse of the court's discretion" (*Pangea Farm, Inc. v Sack*, 51 AD3d at 1354 [citations omitted]). "Striking a pleading is one remedy provided by the Legislature (*see* CPLR 3126 [3])" (*Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1176 [2008]; *see Kihl v Pfeffer*, 94 NY2d at 123) and, "[d]espite a general policy favoring resolution of disputes on the merits," striking is authorized where "[t]he party requesting that a pleading be struck . . . demonstrate[s] that the offending party's failure to comply was willful and contumacious, which can be inferred from a pattern of noncompliance" (*Doherty v Schuyler Hills, Inc.*, 55 AD3d at 1176; *see VanEtten Oil Co., Inc. v Exotic Flora & Fauna, Ltd.*, 78 AD3d 1438, 1439 [2010]).

Here, defendant had ample opportunity over the course of more than one year to respond to plaintiff's repeated discovery demands, disregarded for over four months Supreme Court's 30-day conditional order directing compliance and has never objected to any of the requested demands (*see* CPLR 3122). It has never offered any explanation whatsoever for its complete noncompliance.* Defendant's argument that a default judgment was improper because the issue of offset against plaintiff's recovery had not been determined misses the point that the reason that issue could not be decided is because defendant totally failed to respond to plaintiff's discovery requests or the court's order directed at that very issue. In our view, Supreme Court did not abuse its discretion or err in granting plaintiff's motion to strike the answer and entering a default judgment against defendant.

Finally, there is no merit to defendant's claim that the cap-

---

* Defendant's assertion in its brief that, after summary judgment was awarded to plaintiff on liability, defendant's "focus shifted" to issues it raised in its defective packaging counterclaim is specious and nonresponsive. Defendant fails to explain why it did not reply to plaintiff's discovery demands, which themselves were likewise focused on defendant's counterclaim.

tion of the default judgment is ambiguous and, given that it never objected thereto (*see* CPLR 2001), it is now foreclosed from raising this issue on appeal (*see Bender v Peerless Ins. Co.,* 36 AD3d 1120, 1127 [2007]).

Peters, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.