*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                   521651
_____

CITIBANK, N.A., as Trustee
    for the Registered Holders
    of Bear Stearns Asset-
    Backed Securities I Trust
    2005-CL 1, Asset-Backed
    Certificates, Series
    2005-CL1,                              MEMORANDUM AND ORDER
                    Appellant,
        v

DAVID CULLEN BRAVO, Also Known
    as DAVID S. BRAVO CULLEN,
    et al.,
                    Respondents,
                    et al.,
                    Defendants.
_____


Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


        Blank Rome LLP, New York City (Jonathan M. Robbin of
counsel), for appellant.

        The Crossmore Law Office, Ithaca (Edward Y. Crossmore of
counsel), for respondents.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered December 2, 2014 in Tompkins County, which granted a
motion by defendants David Cullen Bravo and Christine Bravo
Cullen to preclude plaintiff from offering proof of indebtedness.

In June 2013, plaintiff commenced this foreclosure action on residential real property – mortgaged in January 2008 for about $82,600 – owned by defendants David Cullen Bravo and Christine Bravo Cullen (hereinafter collectively referred to as defendants) in the Town of Dryden, Tompkins County. Defendants answered asserting, among other things, that plaintiff was not the holder of the note. After a series of delays resulting primarily from conduct by plaintiff and its attorneys which prompted two preclusion motions by defendants, Supreme Court granted the second preclusion motion in December 2014. The court precluded plaintiff from offering proof of indebtedness as alleged in the complaint. Plaintiff appeals.

"Where a trial court determines that a party has failed to comply with its discovery obligations, it has broad discretion to remedy the violation" (BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256 [2014]). "Despite a general policy favoring resolution of disputes on the merits, this Court will not disturb a trial court's choice of remedy absent a clear abuse of discretion" (Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1176 [2008] [citation omitted]). A pattern of noncompliance and delay can give rise to an inference of willfulness (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]; Hesse Constr., LLC v Fisher, 61 AD3d 1143, 1144 [2009]; Robinson Saw Mill Works v Speilman, 265 AD2d 604, 606 [1999]). Here, among other things, plaintiff refused to appear for a deposition, canceled depositions at the last minute, missed a CPLR 3408 court-ordered mandatory conference, failed to comply with a court-ordered deposition deadline, and created confusion and delay with an inadequate and unclear effort to substitute counsel. With respect to plaintiff's contention that it had the right as a corporation to determine who it would initially produce for a deposition, we note that defendants specifically named in their May 2014 demand the person who had executed an affidavit regarding the note and plaintiff failed to comply with the statutory requirement to, "no later than [10] days prior to the scheduled deposition, notif[y] [defendants] that another individual would instead be produced and the identity, description or title of such individual" (CPLR 3106 [d]; see Hendrick Hudson Cent. School Dist. v Falinski, 232 AD2d 454, 455 [1996]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3106.17 [2d ed

2014]; <u>cf.</u> <u>Barnwell v Emigrant Sav. Bank</u>, 81 AD3d 518, 518 [2011]).  Instead of giving timely notice to defendants, seeking a protective order or even producing a person it deemed knowledgeable (<u>cf.</u> <u>E & M Adv. West/Camelot Media, Inc. v Vertical Lend, Inc.</u>, 45 AD3d 502, 502 [2007]), plaintiff simply refused to produce the named individual resulting in the failure to comply with the court-ordered date for conducting the deposition.  Under the entirety of the circumstances, we are unpersuaded that Supreme Court improvidently exercised its discretion.

Rose, Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court