OPINION OF THE COURT
Phillip R. Rumsey, J.
“In June 2013, plaintiff commenced this foreclosure action on residential real property—mortgaged in January 2008 for about $82,600—owned by defendants David Cullen Bravo and Christine Bravo Cullen (hereinafter collectively referred to as defendants) in the Town of Dryden, Tompkins County. Defendants answered asserting, among other things, that plaintiff was not the holder of the note. After a series of delays resulting primarily from conduct by plaintiff and its attorneys which prompted two preclusion motions by defendants, Supreme Court granted the second preclusion motion in December 2014.” (Citibank, N.A. v Bravo, 140 AD3d 1434, 1435 [2016].)
The trial court order dated December 2, 2014 (Mulvey, J.) precluded plaintiff “from offering at the trial of this action, or upon any dispositive motion made herein, proof of the indebtedness alleged in the complaint or that the plaintiff is the current holder of the note.” In affirming that order, the Appellate Division noted that plaintiff had engaged in a pattern of conduct which gave rise to an inference of willfulness sufficient to warrant the trial court’s imposition of the sanction of preclusion, specifically noting that
“among other things, plaintiff refused to appear for a deposition, canceled depositions at the last minute, missed a CPLR 3408 court-ordered mandatory conference, failed to comply with a court-ordered deposition deadline, and created confusion and delay with an inadequate and unclear effort to substitute counsel. With respect to plaintiff’s contention that it had the right as a corporation to determine who it would initially produce for a deposition, we note that defendants specifically named in their May 2014 demand the person who had executed an affidavit regarding the note and plaintiff failed to comply with the statutory requirement to, no later than [10] days prior to the scheduled dep *881 osition, notiffy] [defendants] that another individual would instead be produced and the identity, description or title of such individual. Instead of giving timely notice to defendants, seeking a protective order or even producing a person it deemed knowledgeable, plaintiff simply refused to produce the named individual resulting in the failure to comply with the court-ordered date for conducting the deposition.” (Citibank, N.A. v Bravo, 140 AD3d at 1435-1436 [internal quotation marks and citations omitted].)
Defendants now move for summary judgment dismissing the complaint, directing discharge and cancellation of the mortgage that the plaintiff seeks to foreclose in this action and directing cancellation of the notice of pendency on the basis that the preclusion order prevents plaintiff from establishing the facts necessary to permit foreclosure of the mortgage. Notably, plaintiff did not at first directly oppose defendants’ motion; rather it moved for an order dismissing the action, without prejudice, and cancelling the notice of pendency on the basis that it is not “able to verify compliance with pre-acceleration notice requirements” (affirmation of Matthew Smith, Esq., dated Dec. 19, 2016, ¶ 3).[1] Plaintiff has since, with leave of court, submitted a memorandum of law in opposition to defendants’ motion and defendants have filed a memorandum of law in response thereto.
Defendants accurately note that the preclusion order prevents plaintiff from establishing material elements of its cause of action for mortgage foreclosure, namely, its ownership of the debt instrument secured by the mortgage and of the debt purportedly due thereunder. Plaintiff argues that the dismissal of the action with prejudice is a drastic remedy disproportionate to plaintiff’s failure to provide disclosure that would cause *882 it substantial prejudice and result in a windfall to defendants by permanently barring enforcement of the mortgage lien. In reply, defendants argue that dismissal of the action without prejudice would impermissibly allow plaintiff to avoid the adverse impact of the preclusion order.
The Court of Appeals has stated that “[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity” (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). In that regard, a motion for leave to discontinue an action without prejudice should not be granted where it would allow a party to circumvent an adverse determination of the court, such as an order of preclusion (see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905 [2015], citing Kaplan v Village of Ossining, 35 AD3d 816, 816-817 [2006]; see also NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319 [1997]). Notably, cases cited by plaintiff for the proposition that dismissals for failing to provide disclosure are not on the merits acknowledge that violations of a preclusion order merit the stronger sanction of dismissal on the merits (see e.g. Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615 [1985] [in holding that the dismissal of a prior case for failing to comply with a disclosure order was not on the merits, the Court noted that “(t)his is not a case such as Strange v Montefiore Hosp. & Med. Ctr. (59 NY2d 737) where plaintiff’s second action constituted an attempt to circumvent an order of preclusion”]; Aguilar v Jacoby, 34 AD3d 706 [2006]; Stray v Lutz, 306 AD2d 836 [2003], lv dismissed 100 NY2d 615 [2003]).
Granting defendants’ summary judgment motion and dismissing the action on the merits is a drastic remedy; however, that course was charted when the Appellate Division affirmed that the preclusion order was an appropriate sanction for plaintiff’s own wrongful conduct. Indeed, it bears emphasizing that the decision of the Appellate Division was made in light of its prior decisions acknowledging that preclusion is a drastic remedy that may prevent a party from proving its claim,[2] and that dismissal on the merits is a proper sanction where a party willfully fails to provide disclosure or where an order of preclu *883 sion prevents a party from proffering evidence in support of its claims.[3]
Finally, the Practice Commentaries, with extensive attention to Citibank, N.A. v Bravo (140 AD3d 1434), also conclude that enforcement of the preclusion order requires dismissal of this action on the merits (see Connors, 2017 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3126:8, 2017 Supp Pamph at 282-283).
Based on the foregoing:
1. Defendants’ motion is granted and the complaint is dismissed, with prejudice; the mortgage which plaintiff seeks to foreclose in this action is discharged and cancelled, the notice of pendency filed in this action is cancelled, and the Tompkins County Clerk is ordered to mark her records accordingly.
2. Plaintiff’s motion is denied.

. Plaintiff was represented at commencement of the action by Shapiro, DiCaro & Barak, LLC. Defendants filed their first motion to preclude on September 11, 2013 and duly served their motion papers on that firm. McCabe, Weisberg & Conway, P.C. appeared in opposition to that motion, representing that plaintiff had contacted that firm on September 15, 2013 to request that it represent plaintiff in this action (see affirmation of Matthew Russell, Esq., dated Nov. 4, 2013, ¶ 9). Defendants accurately noted that Shaprio, DiCaro & Barak, LLC remained attorneys of record for plaintiff. McCabe, Weisberg & Conway, P.C. has continued to represent plaintiff in the trial court at all times since September 2013, and a consent to change attorney executed by plaintiff’s agent on May 8, 2014 was finally filed on June 19, 2014, nine months after McCabe, Weisberg & Conway, P.C. first attempted to appear on plaintiff’s behalf.

. See Citibank, N.A. v Bravo, 140 AD3d at 1435, citing BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1256 (2014) (the remedy of preclusion is drastic, especially where it has the effect of preventing a party from asserting its claim).

. See Citibank, N.A. v Bravo, 140 AD3d at 1435, quoting Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1176 (2008) (the answer was stricken and plaintiffs were awarded default judgment on the merits based on defendant’s willful failure to comply with disclosure demands), and citing Hesse Constr., LLC v Fisher, 61 AD3d 1143, 1144 (2009) (summary judgment was granted to plaintiff where defendant was unable to offer any admissible evidence due to a preclusion order); see also Du Valle v Swan Lake Resort Hotel, LLC, 26 AD3d 616 (2006) (summary judgment was properly granted to defendant who argued that a preclusion order prevented plaintiff from establishing her claim); Greaves v Burlingame, 12 AD3d 730 (2004), lv dismissed and denied 5 NY3d 741 (2005), lv dismissed 5 NY3d 742 (2005) (summary judgment was properly granted in plaintiff’s favor where preclusion order prevented defendant from submitting competent proof sufficient to raise a question of fact).