Shioya v Hanah Country Inn Mgt. Corp. (2022 NY Slip Op 04596)

Shioya v Hanah Country Inn Mgt. Corp.

2022 NY Slip Op 04596

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533018
[*1]Toshiyuki Shioya, Appellant,
v
Hanah Country Inn Management Corporation et al., Respondents.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

The Dweck Law Firm LLP, New York City (H.P. Sean Dweck of counsel), for appellant.
Florence Rostami Law, LLC, New York City (Florence Rostami of counsel), for Hanah Country Inn Management Corporation and others, respondents.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for Fox Horan & Camerini LLP and another, respondents.

Clark, J.
Appeals (1) from an order of the Supreme Court (Lambert, J.), entered February 10, 2021 in Delaware County, which granted a motion by defendants Fox Horan & Camerini LLP and Chizuko S. Ueno for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered February 10, 2021 in Delaware County, which granted a motion by defendants Hanah Country Inn Management Corporation, Debra J. Storms and Yu Nagasaka to, among other things, strike the complaint.
Following an investigation by the State Police, plaintiff was arrested and criminally charged for allegedly stealing more than $24,000 from his employer — defendant Hanah Country Inn Management Corporation. However, in December 2015, a grand jury declined to indict plaintiff on the charge of grand larceny in the fourth degree and, thus, that charge was dismissed. Plaintiff thereafter commenced the instant action against Hanah and two of its employees — defendants Debra J. Storms and Yu Nagasaka (hereinafter collectively referred to as the Hanah defendants) — as well as Hanah's legal counsel — defendants Chizuko S. Ueno and Fox Horan & Camerini LLP (hereinafter collectively referred to as the FHC defendants). Plaintiff alleged that, as retaliation for reporting unsafe conditions at Hanah's resort, defendants "wrongly, maliciously and negligently accused" him of stealing during the course of his employment. Plaintiff asserted causes of action for false arrest, malicious prosecution, negligence and intentional infliction of emotional distress. After making an unsuccessful pre-answer motion to dismiss, the FHC defendants joined issue, asserting various affirmative defenses. The Hanah defendants separately joined issue and asserted various affirmative defenses, as well as seven counterclaims seeking damages for, among other things, breach of fiduciary duty, fraudulent misrepresentation, fraudulent concealment and fraudulent inducement. Plaintiff denied the counterclaims in a reply and asserted several affirmative defenses.
In October 2018, the Hanah defendants served plaintiff with a request for the production of documents relating to their counterclaims, including, among other things, all documents and communications concerning goods and services that plaintiff had purchased on various web-based marketplaces, such as Amazon and Expedia, from December 1, 2010 through June 30, 2014. In February 2019, the Hanah defendants moved to compel plaintiff to comply with their discovery demands. Plaintiff opposed the motion and, in turn, cross-moved for a protective order, alleging that the discovery demands were "overbroad, overreaching and patently improper." By order entered in April 2019, Supreme Court granted the motion to compel, denied the cross motion for a protective order and directed plaintiff to comply with the discovery demands within 60 days or his complaint would be stricken.
Plaintiff subsequently provided the Hanah defendants with some additional discovery [*2]responses, but continued to state that he did not have access to documentation and communication concerning purchases from certain web-based marketplaces. Over the next six months, Supreme Court held several status conferences with the parties, during which the ongoing discovery disputes were discussed and agreement was repeatedly reached to extend the discovery deadlines. In December 2019, following a status conference with the parties, Supreme Court issued a fifth amended scheduling order, directing the parties to make their respective dispositive motions and motions pursuant to CPLR 3126. Consequently, the Hanah defendants moved, as relevant here, for an order pursuant to CPLR 3126 striking plaintiff's complaint, as well as his reply to their counterclaims, and granting them a default judgment on their counterclaims.[FN1] The FHC defendants, for their part, moved for summary judgment dismissing the complaint against them. By separate orders entered in February 2021, Supreme Court granted defendants' respective motions. Plaintiff appeals the February 2021 orders.
Plaintiff argues that Supreme Court abused its discretion in granting the Hanah defendants' motion for an order striking his complaint and his reply to the counterclaims and granting them a default judgment on their counterclaims. "[T]he Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a 'court may make such orders . . . as are just,' including dismissal of an action," striking pleadings or granting a default judgment (Kihl v Pfeffer, 94 NY2d 118, 123 [1999], quoting CPLR 3126; see Matter of Kalin, 79 AD3d 1381, 1382 [2010]). However, because resolution of disputes on the merits is favored, the penalties of dismissing a claim or action, striking pleadings or granting a default judgment are warranted only where a party's failure to comply with disclosure directives is willful, contumacious or in bad faith (see Kim v A. Johnson Plumbing & Heating, Inc., 148 AD3d 1312, 1313 [2017]; Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1543, 1544 [2011]; Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1176 [2008]). The nature and degree of the penalty imposed under CPLR 3126 is a matter committed to the sound discretion of the trial court and its choice of penalty will not be disturbed absent an abuse of discretion (see Mesiti v Weiss, 178 AD3d 1332, 1334 [2019]; Doherty v Schuyler Hills, Inc., 55 AD3d at 1175-1176).
The Hanah defendants argue that, given the April 2019 conditional order, they were not obligated to demonstrate that plaintiff's failure to comply with their discovery demands was willful, contumacious or in bad faith. As the Hanah defendants correctly point out, conditional orders are indeed self-executing and failure to comply with the conditions of such order by the court-specified date will render the order absolute (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 83 [2010]; [*3]Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]; Willis v Keeler Motor Car Co., 121 AD3d 1373, 1374 [2014]). However, here, the parties agreed — as memorialized in an amended scheduling order — to extend the discovery deadline beyond the date specified in the conditional order, thereby nullifying the conditional order (see generally Onewest Bank, FSB v McKay, 172 AD3d 887, 888 [2019]). Thus, contrary to the Hanah defendants' contention, there must be a showing that plaintiff's noncompliance was willful, contumacious or in bad faith — a determination that may be inferred from a pattern of noncompliance (see Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d 1194, 1196 [2011]; Doherty v Schuyler Hills, Inc., 55 AD3d at 1176).
In his supplemental discovery responses following the April 2019 conditional order, plaintiff asserted that he did not have access to the requested documentation from certain online marketplaces, which he claimed could be retrieved only from a work computer that he could no longer access. Plaintiff did, however, execute authorizations in June 2019, in which he granted Amazon and Google [FN2] permission to produce the requested documentation and account information. However, as established by correspondence in the record, Amazon and Google informed the Hanah defendants that they could not provide the requested information even with the authorizations. They stated that plaintiff had access to his account information from any electronic device and that he had exclusive control over disclosure of such information. Amazon's counsel advised that she had repeatedly and unsuccessfully attempted to contact plaintiff to assist him with retrieving the information and documentation from his account and stated that customer service could assist plaintiff in resetting his account password if need be. In July 2019, the Hanah defendants provided plaintiff with the correspondence they had received from Amazon and Google and informed plaintiff that, contrary to his earlier assertions, he had the exclusive ability to access and provide the requested documentation and information. Nonetheless, plaintiff did not produce the requested documentation or provide any reason justifying his failure to comply with the disclosure requests.
In the ensuing months, the Hanah defendants contacted plaintiff twice more regarding his continued failure to produce the requested documents, including setting forth in correspondence their repeated attempts to contact plaintiff. Supreme Court conducted three status conferences to try and resolve the ongoing discovery disputes. Although the Hanah defendants repeatedly informed plaintiff that the authorizations were inadequate and that his disclosure responses were incomplete, plaintiff never provided the requested documentation or offered any reason as to why such documentation could not be produced, prompting the Hanah defendants to ultimately move for sanctions in September 2020. In [*4]our view, the circumstances giving rise to the April 2019 conditional order, together with plaintiff's ongoing failure and refusal to substantially comply with his disclosure obligations over the next 17 months, evince a pattern of noncompliance from which a finding of willfulness may be properly inferred (see Smookler v Dicerbo, 166 AD3d 838, 839 [2018]; Colley v Romas, 50 AD3d 1338, 1339 [2008]). Accordingly, we are unpersuaded that Supreme Court abused its discretion in striking plaintiff's complaint and his reply to the Hanah defendant's counterclaims and granting the Hanah defendants a default judgment on their counterclaims (see Sugar Foods De Mexico v Scientific Scents, LLC, 88 AD3d at 1196; Matter of Kalin, 79 AD3d at 1382-1383).
Plaintiff further argues that Supreme Court erred in granting the FHC defendants' motion for summary judgment dismissing the complaint against them because, in his view, there are questions of fact on his claims for false arrest, malicious prosecution, negligence and intentional infliction of emotional distress. We disagree.
To establish a claim for false arrest and imprisonment, "the plaintiff must show that: (1) the defendant[s] intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied 423 US 929 [1975]; see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]). "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" (Martinez v City of Schenectady, 97 NY2d at 85 [citation omitted]). To state a claim for malicious prosecution, the plaintiff must demonstrate: "(1) the commencement or continuation of a criminal proceeding by the defendant[s] against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Broughton v State of New York, 37 NY2d at 457; see Martinez v City of Schenectady, 97 NY2d at 84).
Generally, a civilian will not be held liable for false arrest or malicious prosecution if he or she "merely seek[s] police assistance or furnish[es] information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed"; to conclude that a civilian initiated a criminal prosecution, the civilian must have "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (Michaels v MVP Health Care, Inc., 167 AD3d 1368, 1372 [2018] [internal quotation marks and citations omitted]; see Barrett v Watkins, 82 AD3d 1569, 1572 [2011]). The civilian "must have affirmatively induced [law enforcement] to act . . . to the point where the [law enforcement agent] is not acting of his [or her] own volition"[*5](Mesiti v Wegman, 307 AD2d 339, 340 [2003] [internal quotation marks and citation omitted]). With respect to a claim of false arrest and imprisonment, an attorney may be liable when he or she "acts officiously and beyond the scope of his [or her] duties as an attorney" by requesting or directing an arrest (Vernes v Phillips, 266 NY 298, 301 [1935]; see Gifford v Harley, 62 AD2d 5, 7-8 [1978]).
Here, the FHC defendants made a prima facie showing that Ueno did not act beyond the scope of her duties as an attorney for the Hanah defendants and did not play an active role in plaintiff's criminal prosecution, so as to be considered to have initiated the criminal prosecution. Indeed, their submissions established that Ueno's involvement in plaintiff's arrest and subsequent criminal prosecution was limited to assisting her clients in "explain[ing to law enforcement] the evidence of unauthorized purchases made by" plaintiff and acting as a translator as needed. The evidence demonstrated that Ueno did not affirmatively induce law enforcement to act on her clients' allegations, but, rather, that she merely supplied information to the State Police and an assistant district attorney, who thereafter independently determined that plaintiff's arrest and criminal prosecution were warranted (see Johnson v Follett Higher Educ. Group, Inc., 113 AD3d 819, 820 [2014]; Barrett v Watkins, 82 AD3d at 1572; compare Nieminski v Cortese-Green, 74 AD3d 1550, 1551 [2010]; Dudick v Gulyas, 277 AD2d 686, 687 [2000]). Moreover, evidence submitted by the FHC defendants established that law enforcement obtained a warrant for plaintiff's arrest, thereby giving rise to a presumption of probable cause for the arrest (see Martinez v City of Schenectady, 97 NY2d at 85). In short, the FHC defendants established, as a matter of law, their entitlement to summary judgment dismissing plaintiff's claims of false arrest and malicious prosecution against them (see Robles v City of New York, 104 AD3d 829, 830-831 [2013]; Boadu v City of New York, 95 AD3d 918, 919 [2012]).
The burden therefore shifted to plaintiff to raise a triable issue of fact on his claims of false arrest and malicious prosecution (see e.g. Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1239-1240 [2021]). Plaintiff failed to do so. Although a civilian can "be said to have initiated a criminal proceeding by knowingly providing false evidence to law enforcement authorities or withholding critical evidence that might affect law enforcement's determination to make an arrest," plaintiff failed to present any evidence to support his conclusory allegations that Ueno made false representations to law enforcement (Moorhouse v Standard, N.Y., 124 AD3d 1, 8-9 [2014]; compare Robles v City of New York, 104 AD3d at 830-831). Inasmuch as plaintiff failed to raise a triable issue of fact in opposition to the FHC defendants' prima facie showing, Supreme Court properly dismissed plaintiff's claims of false arrest and malicious [*6]prosecution against the FHC defendants (see Johnson v Follett Higher Educ. Group, Inc., 113 AD3d at 820; Hendrickson-Brown v City of White Plains, 92 AD3d 638, 640 [2012]).
As for plaintiff's negligence claim, given the evidence of the nature and tenor of Ueno's interactions with law enforcement, the FHC defendants made a prima facie showing that Ueno acted "in good faith and for the honest purpose of protecting the interests of [her] clients," so as to demonstrate entitlement to summary judgment dismissing the negligence cause of action (Mokay v Mokay, 67 AD3d 1210, 1212 [2009] [internal quotation marks and citations omitted]). In opposition, plaintiff failed to provide any evidence demonstrating, or raising a question of fact as to, "fraud, collusion, malicious acts or other special circumstances" that would warrant a claim against the FHC defendants in professional negligence (Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010] [internal quotation marks and citation omitted]). Accordingly, Supreme Court properly dismissed plaintiff's negligence claim against the FHC defendants (see Associated Factors Corp. v O'Neill Detective Agency, 146 AD2d 728, 728 [1989]). Finally, Supreme Court properly dismissed plaintiff's claim against the FHC defendants for intentional infliction of emotional distress, as the conduct forming the basis for that claim "falls well within the ambit of other traditional tort liability" (Fischer v Maloney, 43 NY2d 553, 557-558 [1978]; see Demas v Levitsky, 291 AD2d 653, 660 [2002], lv dismissed 98 NY2d 728 [2002]). Accordingly, as we discern no basis upon which to disturb Supreme Court's order, we affirm.
Lynch, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the orders are affirmed, with one bill of costs.

Footnotes

Footnote 1: The Hanah defendants alternatively moved for summary judgment dismissing the complaint against them.

Footnote 2: According to the Hanah defendants, plaintiff opened accounts with certain online marketplaces using a particular Gmail account.