Timmons v State of New York (2024 NY Slip Op 51286(U))

[*1]

Timmons v State of New York

2024 NY Slip Op 51286(U)

Decided on September 3, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2024
Court of Claims

Richard Timmons, Claimant,

against
The State of New York, Defendant.

Claim No. 134740

FOR CLAIMANT:
Richard Timmons, Pro Se
FOR DEFENDANT: 
Letitia James, Attorney General
By: Ray A. Kyles, Esq., AAG

Linda K. Mejias-Glover, J.

Claimant, Richard Timmons, filed the instant motion labeled "Third Motion for Default Judgment or in the Alternative, Sanction" on February 5, 2024 (dated January 24), seeking an order, pursuant to CPLR 3126, granting him default judgment against the Defendant, or in the alternative, placing sanctions upon the State in the amount of $1,000.00 for its failure to timely comply with this Court's order. Defendant has opposed the motion, and Claimant has replied thereto.
Now, having carefully reviewed the papers and exhibits filed, Claimant's motion is denied as moot for the reasons more specifically set forth herein below.
 Procedural Background
Claimant, Richard Timmons filed this claim on May 26, 2020, against the State of New York, alleging that contaminated water at Auburn Correctional Facility (hereinafter "Auburn") caused him to contract H-pylori (hereinafter, the "Claim"). On or about July 12, 2021, the Office of the New York State Attorney General (hereinafter, the "OAG"), received Claimant's Demand for Documents and Interrogatories. Subsequently, on or about February 24, 2022, Claimant filed his first motion seeking default judgment and/or sanctions, alleging that the Defendant had failed to comply with discovery demands. In response, on or about March 28, 2022, Defendant filed and served its opposition papers, asserting that CPLR section 3215 was an improper vehicle for seeking default judgment based on the alleged failure to respond to discovery. By Decision and Order dated July 14, 2022, the Court denied Claimant's motion finding that an order for default judgment was not the appropriate remedy for non-compliance with discovery demands nor was an order for sanctions proper. The Court ordered that Defendant respond to all outstanding [*2]discovery demands within 90 days.
On or about December 19, 2022, Claimant filed a second motion seeking default judgment and/or sanctions, and Defendant opposed the motion annexing a response to Claimant's discovery demands and an affidavit from Deputy Superintendent of Administration, Thomas Napoli. By Decision and Order dated February 16, 2023, this Court denied the motion as moot based upon Defendant's demonstrated compliance with Claimant's discovery demands.
Now, Claimant has filed this third motion for default judgment and/or sanctions. Defendant opposes the motion and notes that the motion lacks an attached notice of motion, rendering it defective under CPLR 2214 and 22 NYCRR 206.8.

Relevant Factual Background and Parties' Relevant Arguments
In Claimant's third motion dated January 24, 2024, he refers to his earlier service of several discovery demands on the OAG, including requests for documents and interrogatories related to the quality of the water at the facility and medical records pertaining to his treatment. 
With respect to the instant motion, Claimant acknowledges that Defendant has served responses to his demands but argues that said responses remain insufficient. Claimant contends that Defendant's non-compliance is willful and that sanctions are necessary to ensure compliance with this Court's orders.
In opposition to the instant motion, Defendant argues that it has fully complied with Claimant's discovery demands as previously ordered by this Court. The Defendant opposes Claimant's motion for default judgment, arguing that it has substantially complied with Claimant's discovery demands. Specifically, Claimant's fourth demand for documents requested all reports from Auburn regarding water testing from 2008 to 2018. In response, Defendant provided the Claimant with reports for water testing from 2016 to 2017, explaining that documents from 2008 to 2015 were no longer retained by the facility. Defendant further emphasized that these reports confirm that the water supply at Auburn is treated and distributed by the City of Auburn. Defendant asserts that it made a good faith effort to comply with the Court's prior orders and that its response to Claimant's demands is complete and comprehensible.
Defendant argues that there is no basis for Claimant's assertion that it has willfully failed to comply with discovery demands. Defendant points out that under CPLR § 3126, a party must demonstrate that the opposing party '"refused to obey an order for disclosure or willfully failed to disclose information,'" and Claimant has not made such a showing. Additionally, Defendant argues that Claimant has not demonstrated that Defendant's conduct was '"willful and contumacious,'" a necessary requirement for imposing the drastic sanction of default judgment. Defendant cites Doherty v. Schuyler Hills, Inc., 55 AD3d 1174 (3d Dept 2008), to support this argument. Therefore, Defendant contends that Claimant's motion should be denied in its entirety as moot, given that it has provided the requested discovery to the best of its ability.

 Decision and Order
This Court have previously held in its Decision and Order dated February 16, 2023, that Defendant has provided the requested discovery in compliance with the Court's orders and finds that there is no evidence of willful non-compliance.
Accordingly, it is hereby
ORDERED, that Claimant's motion number M-100465 is DENIED as MOOT.
Dated: September 3, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read:
1. Claimant's Motion for Default Judgment or in the Alternative Sanctions, Exhibits Annexed
2. Affirmation in Opposition by the Defendant
3. Claimant's Response to Defendant's Opposition