◼ LESLIE McLAUGHLIN, Respondent-Appellant, v RICHARD McLAUGHLIN, Appellant-Respondent, et al., Defendant.—In an action to set aside a conveyance of real property, the defendant Richard McLaughlin appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated January 15, 1988, as denied his motion to dismiss the complaint for failure to state a cause of action and for failure to join necessary parties, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting therefrom the provision denying that branch of the defendant's motion which was to dismiss the third cause of action for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion, and by adding thereto provisions directing that the estate of Helen McLaughlin and the estate of John McLaughlin be added as parties, and staying all further proceedings until such joinder has been accomplished; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant-respondent.

By virtue of a deed dated June 3, 1980, Helen McLaughlin, who has since died, conveyed her title to certain property to her husband, John McLaughlin. By virtue of a deed dated July 12, 1981, John McLaughlin, who has also since died,

conveyed this property to his son, the defendant Richard McLaughlin. By virtue of a deed dated May 23, 1985, Richard McLaughlin conveyed the property to McLaughlin Estates, Inc.

In the present action, the plaintiff, Leslie McLaughlin (another son of Helen and John McLaughlin) seeks a judgment declaring that the conveyance of the property from Helen to John McLaughlin should be set aside, because at the time of that conveyance, Helen McLaughlin was mentally incompetent. The sole defendant named in the plaintiff's complaint was Richard McLaughlin. The Supreme Court, on motion of the defendant Richard McLaughlin, properly determined that McLaughlin Estates, Inc., the current owner of the property, was a necessary party to the action, since its title would be directly affected by any judgment setting aside the conveyance of June 3, 1980. The portion of the court's order which directed that that corporation be joined as a party is not before us on this appeal by the defendant Richard McLaughlin.

We modify the order under review so as to direct that the estate of Helen McLaughlin and the estate of John McLaughlin be joined as additional parties. It is clear from the record that the plaintiff, Leslie McLaughlin, has no legal interest in the subject property except as a potential beneficiary of these two estates. Neither estate would be bound by a judgment entered in an action to which they were not made party, so that in the event that the plaintiff were to prevail, these estates would nevertheless be free to relitigate the issue of Helen McLaughlin's mental capacity as of the time of her conveyance of the property in 1980. In order for any judgment setting aside the conveyance of June 3, 1980, to have a binding effect with respect to the plaintiff's claimed interest in the property, it is thus necessary to join the two estates through which his interest is derived (see, CPLR 1001 [a]).

We note that there is no indication that proceedings have ever been commenced in the Surrogate's Court with respect to the administration of either estate. It is clear that the plaintiff cannot obtain any actual monetary relief, on account of his claimed status as a beneficiary of these estates, unless administration proceedings are commenced. The present action may ultimately be subject to dismissal, in the future, should it become apparent that the issue of Helen McLaughlin's competency is to be decided in the course of the administration of her estate in the Surrogate's Court.

We also modify the order so as to dismiss the plaintiff's

third cause of action. In this cause of action, the plaintiff claims that the conveyance of June 3, 1980, was invalid, on the ground that the deed was not recorded until August 26, 1980, after the death of the grantor. However, as the plaintiff now concedes, the fact that a deed is recorded after the death of the grantor does not affect the validity of the conveyance. This cause of action should therefore be dismissed (see, CPLR 3211 [a] [7]).

We have examined the defendant's remaining contentions and find them to be without merit.

Although the plaintiff filed a notice of cross appeal, he now seeks no affirmative relief, and has therefore abandoned his cross appeal. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.