■ PUTNAM NURSING & REHABILITATION CENTER, Appellant, v ANNA M. BOWLES et al., Respondents. [658 NYS2d 57] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered May 14, 1996, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion (a) for summary judgment and (b) to disqualify the defendants' attorney Francis E. Doughty.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is denied, the

complaint is reinstated, the plaintiff's cross motion is granted to the extent of disqualifying the defendants' attorney, Francis E. Doughty, from any further representation of the defendants in this action, the cross motion is otherwise denied, and no further action shall be taken against the defendants, without leave of the court, until the expiration of 30 days after service upon them personally of a copy of this decision and order, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c); and it is further,

Alice Dorsey, a nonparty to this action, became a resident of the plaintiff Putnam Nursing & Rehabilitation Center (hereinafter the plaintiff facility) in July 1994. Approximately three months prior thereto, Dorsey executed a deed and trust agreement (hereinafter the trust agreement) whereby she transferred ownership of her residence in Beacon, New York, to the defendants Anna M. Bowles and Theodore G. Bowles. The agreement provided, *inter alia*, that the income from the property "shall be used for the support" of Dorsey. The agreement also stated that upon Dorsey's death "any balance remaining in the trust shall belong to [the defendants]".

At the time Dorsey entered the plaintiff facility, the defendant Anna M. Bowles executed a "Responsible Party" agreement with that facility. Under the terms of the agreement this defendant agreed, among other things, to "personally guarantee continuity of payment from [Dorsey's] funds or from third party payors to meet [Dorsey's] obligations [to the plaintiff facility]". On the same day that this agreement was executed, the defendants obtained a $20,000 loan on the Dorsey property and gave a mortgage therefor to the lender, the estate of Althea Terry. The plaintiff facility alleges that none of the mortgage proceeds were used to pay for Dorsey's expenses. Dorsey died in January 1995. Approximately one week later, the plaintiff facility was notified that the application for Medicaid benefits, which it had filed on Dorsey's behalf, was being denied partly because of the transfer of property to the defendants. The plaintiff facility alleges that it is owed approximately $20,000 for Dorsey's care.

In or about December 1995 the plaintiff facility commenced this action seeking damages for breach of contract as well as a declaration that the transfer of property from Dorsey to the defendants constituted a fraudulent conveyance. Thereafter

the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, holding that "there is no basis for an award of monetary damages against the defendants". The court further found that the plaintiff facility had "no claim to the [Dorsey] property which is now owned by the defendants" and that there was no basis for "voiding the allegedly fraudulent conveyance". We now reverse.

It is clear that the terms of the trust agreement intended that any proceeds from Dorsey's property be applied for her benefit. Accordingly, the plaintiff facility may be deemed a third-party beneficiary of that agreement to the extent that it incurred unreimbursed expenses in caring for Dorsey (*see generally, Aievoli v Farley,* 223 AD2d 613). Moreover, when the trust agreement is read in conjunction with the "Responsible Party" agreement, the defendants' failure to use the mortgage proceeds to pay the expenses incurred by Dorsey at the plaintiff facility constitutes a valid basis for the cause of action sounding in breach of contract (*see generally, Matter of Frey v O'Reagan,* 216 AD2d 565; *Matter of Tutino v Perales,* 153 AD2d 181).

The court should not have concluded that there was "no basis for voiding the allegedly fraudulent conveyance, since the defendants did not make any conveyance of real property". Under the applicable provisions of the Debtor and Creditor Law, the plaintiff facility may proceed against the defendants and seek to void the transfer of the property if it can demonstrate that the conveyance was made with the actual intent to defraud (*see,* Debtor and Creditor Law §§ 273, 276, 278; *see also, McLaughlin v McLaughlin,* 155 AD2d 418). In addition, this action is not subject to dismissal because the plaintiff facility failed to join the estate of Alice Dorsey as a party defendant (*see, McLaughlin v McLaughlin, supra*).

We also find, as did the Supreme Court, that the defendants' attorney, Francis E. Doughty, should be disqualified from any further representation of them in this action due to conflict of interest. In light of the present action, counsel's representation of the estate of Althea Terry, which holds a mortgage on the Dorsey property, could prove inimical to the interests of the defendants (*see,* Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]; *cf., Feeley v Midas Props.,* 199 AD2d 238). Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.