■ VICTOR ORSETTI et al., Appellants, v ANGELO ORSETTI, JR., et al., Respondents. [775 NYS2d 369]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 10, 2003, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, their cross motion to compel the defendants to provide certain discovery.

Ordered that the order is affirmed, with costs.

It is well settled that a party seeking to obtain title by adverse possession must establish, by clear and convincing evidence, the common-law requirements of hostile possession, under a claim of right, which was actual, open and notorious, exclusive, and continuous for the statutory period. Additionally, on a claim not based upon a written instrument, the plaintiff must produce evidence that the subject premises were either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522 [1], [2]; *see Gore v Cambareri*, 303 AD2d 551 [2003]; *Harbor Estates Ltd. Partnership v May*, 294 AD2d 399 [2002]; *Katona v Low*, 226 AD2d 433 [1996]).

The defendants demonstrated their prima facie entitlement to summary judgment by establishing that the plaintiffs' possession of the disputed land was neither hostile nor pursuant to a claim of right. In opposition, the plaintiffs failed to raise a triable issue of fact. Indeed, the plaintiff Victor Orsetti acknowledged, inter alia, that he asked to buy the subject property from his parents, Elizabeth Orsetti, who is a defendant, and Angelo Orsetti, Sr., who is deceased, but they refused his request (*see Bockowski v Malak*, 280 AD2d 572 [2001]; *Harbor Estates Ltd. Partnership v May, supra*; *Solow v Liebman*, 253 AD2d 808 [1998]). Thus, the plaintiffs have no claim of right (*see Guariglia v Blima Homes*, 224 AD2d 388 [1996], *affd* 89 NY2d 851 [1996]). Furthermore, Elizabeth Orsetti averred, without persuasive controversion, that the plaintiffs' use of the land was consensual, and Victor acknowledged that his use of the land was pursuant to an agreement with its trustee, his estranged brother, the defendant Angelo Orsetti, Jr. Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion as academic.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.