◼ DUNKIN DONUTS OF NEW YORK, INC., Respondent, v MID-VALLEY OIL COMPANY, INC., Appellant. [789 NYS2d 204]—

In an action pursuant to RPAPL article 15 for a judgment declaring that the plaintiff is the owner of certain real property, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered March 10, 2003, which granted the plaintiff's motion for summary judgment on its first cause of action and denied its cross motion for summary judgment, and (2) a judgment of the same court entered March 31, 2003, which, upon the order, declared, inter alia, that the plaintiff is the lawful owner of the subject property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, and the order is modified accordingly; and it is further,

Ordered that the plaintiff is directed to add Michael Salhab as

a party defendant in this action, and all further proceedings are stayed until such joinder has been accomplished; and it is further,

Ordered that one bill of costs is awarded to the defendant Mid-Valley Oil Company Inc.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action seeking a judgment declaring that it was the title owner of a narrow strip of land adjoining its property by virtue of adverse possession. The defendant was the record owner of the disputed parcel at the time that this action was commenced. However, the subject parcel was subsequently sold to a third party, Michael Salhab, who was not made a party to the action.

Prior to the completion of discovery, the plaintiff moved for summary judgment on its cause of action alleging adverse possession, asserting that it improved, cultivated, and substantially enclosed the strip of land. The defendant opposed the motion, and cross-moved for summary judgment. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

"One who claims title to land not founded upon a written instrument by adverse possession must demonstrate (1) that the land has been usually cultivated or improved, or (2) protected by a substantial enclosure" (*Rowland v Crystal Bay Constr.,* 301 AD2d 585, 586 [2003]; *see* RPAPL 522; *Orsetti v Orsetti,* 6 AD3d 683 [2004]; *Samter v Maggiore,* 309 AD2d 741 [2003]). Further, the party must establish, by clear and convincing evidence, that the adverse possession was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (*see Orsetti v Orsetti, supra; Samter v Maggiore, supra; Rowland v Crystal Bay Constr., supra*).

The Supreme Court correctly denied the defendant's cross motion for summary judgment since there are issues of fact as to whether possession of the disputed parcel was hostile, and whether the parcel was "cultivated or improved" or "protected by a substantial inclosure" within the meaning of RPAPL 522 (*see Samter v Maggiore, supra*). However, inasmuch as there are issues of fact, the Supreme Court erred in granting the plaintiff's motion for summary judgment.

Further, Salhab, the current owner of the disputed real property, is a necessary party and must be joined in the action in order to afford complete relief (*see* RPAPL 1511 [2]; CPLR 1001 [a]; *Putnam Nursing & Rehabilitation Ctr. v Bowles,* 239 AD2d 479 [1997]; *McLaughlin v McLaughlin,* 155 AD2d 418 [1989]). H. Miller, J.P., Cozier, Goldstein and Mastro, JJ., concur.