McCarthy, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered July 8, 2013 in Albany County, which, among other things, partially granted a motion by Joseph Tousignant and Brenda Tousignant to compel certain discovery.
Div-Com, Inc. commenced action No. 1, mainly alleging that Joseph Tousignant (hereinafter Tousignant) stole money, gold coins and precious metals while he was employed by Div-Com. After Tousignant was acquitted of all criminal charges related to the alleged theft, he commenced action No. 2 against Div-Com and its two shareholders, Wendell Williams and Mary E. Williams, alleging malicious prosecution. Tousignant and Brenda Tousignant served discovery demands seeking the Williamses’ personal tax returns, wage and earnings statements, bank account records and stock portfolio records from 2003 to 2010. After receiving objections to the demands, the Tousignants moved to compel disclosure (see CPLR 3124), and Div-Com and the Williamses cross-moved for an order of protection (see CPLR 3103 [a]). Supreme Court partially granted the motion by ordering disclosure of the Williamses’ records of wages and earnings, bank accounts and stock portfolios for the years 2003 to 2010, but denying disclosure of personal income tax returns. The court also denied the cross motion. Div-Com and the Williamses appeal.[1]
Supreme Court did not abuse its discretion in ordering the *1119 Williamses to disclose certain personal financial records, although we do narrow the scope of that disclosure. Trial courts have broad discretionary power to control and supervise discovery and determine what documents are “material and necessary” under CPLR 3101 (a), with appellate courts intervening only where there has been a clear abuse of discretion (see Hameroff & Sons, LLC v Plank, LLC, 108 AD3d 908, 909 [2013]; DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1318 [2010]; Mora v RGB, Inc., 17 AD3d 849, 851 [2005]). Because they contain information of a confidential and private nature, tax returns are generally not discoverable unless the party seeking them shows that they are relevant to issues in the case, indispensable to the claim and unavailable from other sources (see Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [2000]). The same rule is often applied to other financial records that contain confidential and private information (see Murphy v Hamilton, 90 AD3d 1294, 1295 [2011]; Saratoga Harness Racing v Roemer, 274 AD2d at 889).
Here, Supreme Court applied this rule to prevent disclosure of tax returns, but allowed disclosure of the Williamses’ other financial records. Despite those documents not being relevant to Div-Com’s allegations in action No. 1, Tousignant alleged, as a defense in action No. 1 and as part of his claim of malicious prosecution in action No. 2, that the Williamses themselves took money from Div-Com and were framing Tousignant. He based this assertion on two theories: (1) Mary Williams incurred large gambling losses and did not have sufficient income or resources to offset those losses, and (2) Wendell Williams testified at his deposition that he removed money from the safe and hid it and it appears that each of the Williamses failed to keep meticulous financial records for the business, indicating that Div-Com money may have been lost by the Williamses or comingled with their personal money.
The Williamses have disclosed their gambling records, which reveal large losses from 2005 to 2009. While they assert that these losses were easily covered by their income, the record does not contain sufficient information to substantiate that assertion. Mary Williams testified at a deposition that she did not receive a salary from Div-Com and her husband received a salary of $36,000 per year. The Williamses, as sole shareholders, are presumably entitled to receive corporate distributions from Div-Com, but the corporate tax returns in the record do not include schedules or other documents indicating how or to whom distributions were made. Additionally, when asked at her *1120 deposition to list the Williamses’ sources of income, Mary Williams did not mention corporate distributions. In any event, the amount of distributions listed in the corporate tax returns are not sufficient to cover the gambling losses. Mary Williams asserts that she received a $1.2 million inheritance, and records of that inheritance have been disclosed. Those documents are not included in the record, so it is unclear whether they merely show that she received the inheritance, or if they show where the money was deposited and whether and how it has been used.
Supreme Court found that the Williamses’ poor business record-keeping, in the context of this case’s factual situation, tended to make disclosure appropriate (see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d at 1319). Mary Williams refused to answer questions about her personal finances at her deposition, demonstrating that Tousignant could not obtain the demanded information through other means (compare Briand Parenteau, Inc. v Dean Witter Reynolds, 267 AD2d 576, 577 [1999]). The demanded financial information is relevant to the issue of whether the Williamses had a motive to take the money themselves and frame Tousignant (see e.g. Dore v Allstate Indem. Co., 264 AD2d 804, 804-805 [1999]; Leon Sylvester, Inc. v Aetna Cas. & Sur. Co., 189 AD2d 730, 730 [1993]; 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn., 142 AD2d 124, 133-134 [1988], lv denied 74 NY2d 607 [1989]). Tousignant’s allegations are more than plain speculation, as they are supported by proof of high gambling losses and a lack of proof regarding how those losses were offset, along with a refusal to provide further proof (compare DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d at 1319, with Slate v State of New York, 267 AD2d 839, 841 [1999]).[2] Under the circumstances, we cannot say that Supreme Court abused its discretion in ordering disclosure of personal financial records, especially considering that the court denied disclosure of personal tax returns and the disclosed documents were subject to a confidentiality agreement (see Herbenson v Carrols Corp., 101 AD3d 1220, 1221-1222 [2012]; see also Hart v Kinney Drugs, Inc., 67 AD3d 1154, 1158 [2009]).
We do find, however, that the scope of the order was too broad. *1121 Supreme Court required disclosure of records from 2003 — one year before Tousignant began working for Div-Com — until 2010 — one year after his employment ceased. Div-Com alleged that it first noticed money missing in 2007. Accordingly, the Williamses should disclose the demanded financial records for a narrower time frame, from 2006 — one year before the alleged misappropriation of money — through and including 2009 — the year that Tousignant was arrested and ceased employment with Div-Com (see Besicorp Group v Enowitz, 268 AD2d 846, 848 [2000]; Leon Sylvester, Inc. v Aetna Cas. & Sur. Co., 189 AD2d at 730). The Williamses are entitled to a protective order regarding their personal financial information from 2003 to 2005 and from 2010, without prejudice to Tousignant to seek further disclosure based on new information.
Peters, EJ., Stein and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion by Joseph Tousignant and Brenda Tousignant to compel Wendell Williams and Mary E. Williams to turn over any personal financial documents from 2003 to 2005 or from 2010, and (2) denied so much of the cross motion by Div-Com, Inc., Wendell Williams and Mary E. Williams as sought a protective order for documents from those years; motion denied to that extent and cross motion granted to that extent; and, as so modified, affirmed.

. This Court granted the motion by Div-Com and the Williamses for a stay pending appeal.

. The Williamses argue that they have no motive to steal from Div-Com, as they are sole shareholders and would essentially be stealing from themselves. Contrary to this argument, they could have been taking money from this cash business to avoid reporting their true income. Alternatively, Wendell Williams could have been hiding money from Mary Williams due to her gambling losses.