## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  April 21, 2016                    521525
_____

CATSKILL MOUNTAIN RAILROAD
    COMPANY, INC.,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

COUNTY OF ULSTER,
                        Appellant.
_____


Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        Beatrice Havranek, County Attorney, Kingston, for
appellant.

        The West Firm, PLLC, Albany (Mark J. Wagner Jr. of
counsel), for respondent.

_____


Lynch, J.

        Appeal from an order of the Supreme Court (Mott, J.),
entered October 21, 2014 in Ulster County, which, among other
things, denied defendant's motion to renew its opposition to
plaintiff's application for a Yellowstone injunction.

        Plaintiff leased a 38-mile railroad right-of-way from
defendant for a term beginning in May 1991 and extending through
May 2016.  Pursuant to the lease, plaintiff was authorized to,
among other things, operate a tourist railway for passengers.  In
June 2013, defendant issued a "Notice of Default Demand to Cure"
wherein it alleged that plaintiff failed to rehabilitate and
maintain the track, restore and repair defendant's damaged
property, obtain necessary permits and approvals, pay the

requisite amount of rent based on gross revenue, provide certain documentation, obtain appropriate insurance, and allow members of the public to enter upon the property, all as agreed pursuant to the lease agreement. In July 2013, plaintiff commenced this action seeking a temporary restraining order and a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630 [1968]). Defendant answered and imposed several counterclaims. In November 2013, Supreme Court granted the Yellowstone injunction and required plaintiff to post a surety bond of $75,000. Thereafter, defendant served plaintiff with discovery demands dated December 31, 2013 and plaintiff served its responses approximately one month later. In August 2014, defendant moved to renew its opposition to plaintiff's application for a Yellowstone injunction and moved to compel discovery. The court denied both motions and defendant now appeals.

Where, as here, a landlord seeks the early termination of a commercial lease based on allegations of default, Yellowstone injunctions are routinely granted to maintain the status quo of the tenancy while the underlying allegations are litigated (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514-515 [1999]). The tenant seeking a Yellowstone injunction must demonstrate, insofar as is relevant here, that "it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (id. at 514 [internal quotation marks and citation omitted]; see TSI W. 14, Inc. v Samson Assoc., LLC, 8 AD3d 51, 52-53 [2004]; Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assoc., 115 AD2d 381, 382 [1985]). Here, in opposition to plaintiff's motion for a Yellowstone injunction, defendant submitted evidence demonstrating that the railway had significantly deteriorated during plaintiff's tenancy and argued that given the condition of the railway, plaintiff lacked the resources to cure its default of its maintenance obligations. By its November 2013 decision and order, Supreme Court determined that plaintiff sufficiently demonstrated its ability to cure the alleged lease violations through the use of skilled volunteers able to provide labor and the accessibility of grant money.

A motion to renew must "be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; see Howard v Stanger, 122 AD3d 1121, 1122-1123 [2014], lv dismissed 24 NY3d 1210 [2015]).  It is not intended as an opportunity to present evidence that, had the party exercised due diligence, would have been offered on the original motion (see Hyman v Schwartz, 127 AD3d 1281, 1285 [2015]; Onewest Bank, FSB v Slowek, 115 AD3d 1083, 1083 [2014]). Further, because it is an issue generally for the trial court's "sound discretion" (Hyman v Schwartz, 127 AD3d at 1285), we generally do not disturb a trial court's determination on a motion to renew (see M & R Ginsburg, LLC v Orange Canyon Dev. Co., LLC, 84 AD3d 1470, 1472 [2011]; First Union National Bank v Williams, 45 AD3d 1029, 1030-1031 [2007]).  Here, on its motion to renew, defendant seeks to submit an affidavit by an expert who inspected the railway, detailed the deficiencies and opined as to the cost to restore the track to a condition that would comply with the lease.  Although defendant contends that as a municipality, it was faced with certain statutory obligations that hindered its ability to retain an expert, the record instead demonstrates that the track conditions were well known and documented and that defendant obtained a proposal from the expert in April 2013.  Still, defendant made the tactical decision to forgo the formal inspection until May 2014.  Accordingly, we agree with Supreme Court's determination that defendant did not demonstrate a reasonable justification for its failure to obtain and provide an inspection report until almost one year after plaintiff commenced this action (see Webber v Scarano-Osika, 94 AD3d 1304, 1306 [2012]; Abrams v Berelson, 94 AD3d 782, 784 [2012], lv dismissed 19 NY3d 949 [2012]).

Defendant also challenges Supreme Court's denial of its motion to compel plaintiff to produce certain financial records. It is well settled that "'[t]rial courts have broad discretionary power to control and supervise discovery and determine what documents are 'material and necessary' under CPLR 3101 (a), with appellate courts intervening only where there has been a clear abuse of discretion'" (Deep v Boies, 121 AD3d 1316, 1322 [2014], lv denied 25 NY3d 903 [2015], quoting Div-Com, Inc. v Tousignant, 116 AD3d 1118, 1119 [2014]).  A disclosure request that is "overly broad" or "lacking in specificity" is palpably improper

(<u>Matter of New York Cent. Mut. Fire Ins. Co. v Librizzi</u>, 106 AD3d 921, 921 [2013]) or if it "seeks information of a confidential and private nature that does not appear to be relevant to the issues in the case" (<u>Saratoga Harness Racing v Roemer</u>, 274 AD2d 887, 889 [2000] [internal quotation marks and citations omitted]).  Generally, tax returns and private financial documents are "not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (<u>id.</u>; <u>see</u> <u>Div-Com, Inc. v Tousignant</u>, 116 AD3d at 1119).

Here, defendant demanded, among other things, 10 years of plaintiff's financial statements, all bank statements, receipts for capital expenses and tax returns, all documents detailing its assets and liabilities, and all receipts for all capital expenses.  Defendant argued that these records were necessary to establish that plaintiff would not be able to cure the alleged lease violations and that, because it did not properly compute its gross revenue, it did not pay the appropriate rent.  As set forth above, however, a party seeking a <u>Yellowstone</u> injunction does not need to demonstrate that it can, in fact, cure the alleged defects (<u>see</u> <u>Jemaltown of 125th St. v Leon Betesh/Park Seen Realty Assoc.</u>, 115 AD2d at 382).  Contrary to defendant's argument, Supreme Court was not obligated to "prune" the discovery requests for defendant as it was within its discretion to vacate the overly broad and largely irrelevant demands (<u>see</u> <u>Payne v Enable Software</u>, 229 AD2d 880, 882 [1996]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:


Robert D. Mayberger
Clerk of the Court