Rote v Snyder (2021 NY Slip Op 03508)





Rote v Snyder


2021 NY Slip Op 03508


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531827
[*1]Timothy M. Rote et al., Respondents,
v
Kathy M. Snyder et al., Defendants, and Harley Rendezvous Classic, Inc., Appellant.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Abdella & Sise, LLP, Gloversville (Joseph M. Sise of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered July 30, 2020 in Fulton County, which, among other things, granted plaintiffs' motion to compel certain discovery.
On June 21, 2019, plaintiff Timothy M. Rote and plaintiff Barbara Wallach were the driver and passenger, respectively, of a motorcycle that collided with an automobile driven by defendant Kathy M. Snyder and owned by defendant Jeremy T. Uhll. The vehicles were traveling in the opposite direction on Batter Street in Schenectady County when Snyder attempted to turn left to enter the premises owned by defendant Indian Lookout Country Club, Inc. to attend an event organized, administered and overseen by defendant Harley Rendezvous Classic Inc. (hereinafter defendant). Plaintiffs, alleging that they were seriously injured, commenced this action asserting, among other things, that defendant owed a special duty to plaintiffs by creating and inviting patrons to the event and did not take reasonable measures to address the dangers created from heightened traffic that led to the accident. Plaintiffs further alleged that defendant had notice of the dangerous condition due to the existence of the event in prior years. After issue was joined, plaintiffs served a notice of discovery and inspection upon defendant. Defendant objected to the discovery as overbroad, unduly burdensome and irrelevant. Thereafter, plaintiffs moved to compel production of the requested items and defendant cross-moved for a protective order. Supreme Court granted plaintiffs' motion and denied defendant's cross motion. Defendant appeals.
"CPLR 3101 (a) entitles parties to full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000] [internal quotation marks omitted]). "[T]he words, material and necessary, are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal quotation marks, ellipsis and citations omitted]). Courts must review disclosure demands on a case-by-case basis, and accord "due regard for the strong policy supporting open disclosure, while balancing competing interests such as the demanding party's need for the information, its possible relevance, the burden imposed on a party or nonparty by ordering disclosure, and the potential for confusion or delay, such as expanded litigation or mini-trials on collateral issues" (Perez v Fleischer, 122 AD3d 1157, 1158 [2014], lv dismissed 25 NY3d 985 [2015] [internal quotation marks and citation omitted]). And while the court may issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device[,] [s]uch order shall be designed to prevent unreasonable [*2]annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (Lisa I. v Manikas, 183 AD3d 1096, 1097 [2020] [internal quotation marks and citations omitted]). Finally, the trial court is vested with broad discretion in controlling discovery and disclosure and, although it is allowable for this Court to substitute its own discretion for that of the trial court even in the absence of abuse (see Andon v 302-304 Mott St. Assocs., 94 NY2d at 745), generally the trial court's determination "will not be disturbed in the absence of a clear abuse of discretion" (Gold v Mountain Lake Pub. Telecom., 124 AD3d 1050, 1051 [2015] [internal quotation marks and citations omitted]).
Plaintiffs' complaint alleges a cause of action for negligence based on, as relevant here, breach of a special duty of care by defendant. The crux of plaintiffs' theory of liability against defendant is that it organized and hosted an event that it knew or should have known would generate a large amount of traffic to the site, but failed to account for the impact of same, and said failure was a proximate cause of plaintiffs' injuries. A review of plaintiffs' demands evinces that they generally sought information regarding crowd control, marketing/advertisement materials, ticket sales, minutes concerning the planning of the event, copies of emergency management plans, safety plans and copies of any and all reports of past medical emergencies at the event. For the most part, the demands were concerned with the event held in 2019, as well as those held in the preceding five years. A review of the record reveals that the discovery sought is aimed at determining whether defendant created a dangerous condition by holding a large event, thus increasing vehicular and pedestrian traffic, with notice of the danger and failing to take appropriate precautions (see Gold v Mountain Lake Pub. Telecom, 124 AD3d at 1051). Contrary to defendant's assertion, the claims that seek five years of documentation do not seek "vast amounts of data."[FN1] Further, defendant's arguments that the documents are irrelevant as a result of the absence of its duty, special or otherwise, necessarily ask Supreme Court to undertake a dispositive determination — the existence or lack of duty — which is an inappropriate undertaking by the court on a motion to compel discovery. As such, Supreme Court properly exercised its discretion in granting plaintiffs' motion to compel (see Galasso v Cobleskill Stone Prods., Inc., 169 AD3d 1344, 1346 [2019]; Div-Com, Inc. v Tousignant, 116 AD3d 1118, 1120 [2014]), with one limitation. We find that the scope of plaintiffs' request related to reports of past medical emergencies associated with the event is too broad and should be solely limited to medical emergencies associated with traffic accidents (see Div-Com, Inc. v Tousignant, 116 AD3d at 1120).
Finally, Supreme Court did not abuse its discretion in denying defendant's cross motion for a protective [*3]order as the record demonstrates that defendant failed to set forth a factual showing of prejudice, annoyance or privilege (see CPLR 3103 [a]; Carella v King, 198 AD2d 567, 568 [1993]; Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1009 [1993]). Although defendant contends that plaintiffs are seeking proprietary information, it failed to particularize its justification for denying the documentation. Further, the requests for ticket sales records, planning meeting minutes and management plans are typically summaries and can be redacted. Additionally, the requested marketing materials have already been released to the public.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by limiting the disclosure reports of past medical emergencies associated with the event to those past medical emergencies solely related to motor vehicle accidents, and, as so modified, affirmed.



Footnotes

Footnote 1: Five years is simply not an excessive period and, in this era of e-discovery, we do not classify what is being sought, as defendant does, as "burdensome."