County of Warren v Swan (2022 NY Slip Op 02169)





County of Warren v Swan


2022 NY Slip Op 02169


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

532196
[*1]County of Warren, on Behalf of Westmount Health Facility, Appellant,
v
Michael R. Swan, as Administrator of the Estate of Joseph Garry Jr., Deceased, Defendant, and Jeffrey Garry, Respondent. (Action No. 1.)
County of Warren, on Behalf of Westmount Health Facility, Appellant,
v
Estate of Joseph Garry Jr., Deceased, Defendant, and Jeffrey Garry et al., Respondents. (Action No. 2.)

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

The Clements Firm, Glens Falls (Thomas G. Clements of counsel), for appellant.
The Baynes Law Firm, PLLC, Ravena (Brendan F. Baynes of counsel), for respondents.



McShan, J.
Appeals (1) from an order of the Supreme Court (Muller, J.), entered May 20, 2019 in Warren County, which, in action No. 2, among other things, denied plaintiff's motion to compel disclosure, and (2) from an order of said court, entered August 28, 2020 in Warren County, which, in action Nos. 1 and 2, among other things, granted certain defendants' cross motion for a protective order.
Plaintiff commenced these actions on behalf of Westmount Health Facility, a nursing facility, to recover a balance allegedly due for services rendered to Joseph Garry Jr. (hereinafter decedent). Upon decedent's admission to Westmount on April 6, 2009, decedent's son, defendant Jeffrey Garry, executed a "responsible party agreement" with Westmount in which he "agree[d] to pay [Westmount] its basic monthly private rate for nursing home services rendered to [decedent] and any and all ancillary charges incurred by [decedent] from [decedent's] income and/or resources." Decedent was discharged on April 30, 2009 but was later readmitted to Westmount on June 19, 2009, where he remained until his death on July 5, 2009. It is undisputed that, from the time of decedent's initial admission to Westmount to the date of his death, Jeffrey Garry had been serving as decedent's attorney-in-fact pursuant to a durable power of attorney and was a cotrustee of defendant The Garry Family Trust (hereinafter the trust), a revocable trust owned by decedent.
After issue was joined by all defendants in action No. 2 except decedent's estate (hereinafter collectively referred to as defendants), plaintiff served discovery demands seeking, among other things: state and federal tax returns of decedent, the trust and certain corporate entities in which decedent and/or the trust held an interest; accountings, balance sheets and income and expense statements for the trust; records of asset transfers between the trust and its beneficiaries; and records of asset transfers by Jeffrey Garry. Defendants complied with certain of the requests, but objected to the production of most of the financial documents and all of the requested tax returns. Subsequently, plaintiff served a discovery demand upon defendant Michael Garry, the other cotrustee of the trust,[FN1] seeking copies of various financial documents including the tax returns of decedent and the trust. Plaintiff also served interrogatories upon Jeffrey Garry and Michael Garry requesting certain financial information regarding decedent's assets. These requests were either met with objections by defendants or went unanswered.
Plaintiff thereafter moved to compel disclosure in action No. 2, asserting that the requested financial information would show the existence, nature, value and control of the assets and/or income of decedent prior to his death and were therefore relevant to the issue of whether Jeffrey Garry breached the agreement by failing to use available resources of the estate to pay the outstanding nursing home bills. In its reply to [*2]defendants' papers in opposition, plaintiff advised that defendant Michael R. Swan, the public administrator of decedent's estate, had agreed to acquire decedent's tax returns directly from the Internal Revenue Service. In a May 2019 order, Supreme Court denied the motion to compel as premature on the basis that decedent's tax returns were forthcoming and an analysis thereof would have a direct bearing on the issue of whether the other financial documents sought on the motion were material and relevant.
After attempts to obtain decedent's signed tax returns from the Internal Revenue Service proved unsuccessful, plaintiff again moved to compel disclosure of the previously requested documents. Defendants cross-moved for a protective order, claiming that the documents sought were neither material nor relevant to the determination of the issues in the actions. Supreme Court appointed a referee to determine the motion and the cross motion (see CPLR 3104 [a]).[FN2] Following oral argument, the referee denied the motion to compel and granted the cross motion for a protective order, reasoning that the records sought by plaintiff constituted postjudgment disclosure that was available only in the event that a judgment was obtained against some or all of the defendants. Plaintiff thereafter moved for review and reversal of the referee's order (see CPLR 3104 [d]). Finding that the discovery demands to which defendants had objected were "palpably improper," Supreme Court, in an August 2020 order, denied the motion and granted the cross motion. Plaintiff appeals from both the May 2019 and the August 2020 orders.
CPLR 3101 (a) mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action." The party seeking discovery "must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary' — i.e., relevant — regardless of whether discovery is sought from another party or a nonparty" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal citations omitted]; accord Calcagno v Graziano, 200 AD3d 1248, 1250, [2021]). "The words, 'material and necessary,' are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial" (Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [2021] [internal quotation marks and citations omitted]; accord Rote v Snyder, 195 AD3d 1130, 1131 [2021]). "While discovery determinations rest within the sound discretion of the trial court, [this Court] is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Perez v Fleischer, 122 AD3d 1157, 1157-1158 [2014] [internal quotation marks and citations omitted], lv dismissed 25 NY3d 985 [2015]; see Those Uncertain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; C.T. v Brant, 202 AD3d 1360,[*3]___, 2022 NY Slip Op 01090, *2 [2022]).
The complaints in both actions assert a cause of action for breach of the responsible party agreement. To establish such a cause of action, plaintiff must show that Jeffrey Garry failed to utilize decedent's available "income and/or resources" to pay for his care (see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 132-133 [2021]; Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter, 140 AD3d 1386, 1387-1388 [2016]; Sunshine Care Corp. v Warrick, 100 AD3d 981, 982 [2012]; Troy Nursing & Rehabilitation Ctr., LLC v Naylor, 94 AD3d 1353, 1354-1356 [2012], lv dismissed 19 NY3d 1045 [2012]). Thus, the existence, nature and value of decedent's income and/or assets during the period surrounding the execution of the agreement is plainly relevant to the prosecution of these actions. Plaintiff sought to obtain this information through disclosure of various financial documents, including decedent's tax returns. Although Supreme Court expressly found in its May 2019 order that decedent's tax returns were relevant and discoverable, it concluded that the motion to compel was premature given that Swan had authorized the release of such returns, the review of which would allow for a more informed determination as to whether the various other financial documents sought were material and relevant. Under the particular facts and circumstances presented here, we find such determination to be reasonable and within Supreme Court's broad discretionary authority to regulate discovery (see Smithers v Smithers, 30 AD2d 693, 693 [1968]; cf. U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1016 [2019]; Fulton v Allstate Ins. Co., 14 AD3d 380, 382 [2005]).
We reach a different conclusion with respect to the August 2020 order. Despite having previously found that decedent's tax returns were material and relevant to the issues at hand, Supreme Court concluded in its August 2020 order that the demands for such documents were palpably improper. No basis was articulated for this change of course, nor can we discern one. Contrary to the position advanced by defendants and accepted by the referee, plaintiff was not improperly seeking postjudgment disclosure (see CPLR 5223, 5224). Unlike a typical action where the assets of a defendant are irrelevant unless and until a judgment is obtained, here, as previously discussed, the existence and value of decedent's assets are critical to the issue of whether Jeffrey Garry breached the agreement by failing to use such assets to pay for decedent's care (see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d at 132-133; Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter, 140 AD3d at 1387-1388; Sunshine Care Corp. v Warrick, 100 AD3d at 982; Troy Nursing & Rehabilitation Ctr., LLC v Naylor, 94 AD3d at 1354-1356).[FN3] Further, plaintiff was entitled to conduct discovery of materials relevant to whether there has been a breach of the agreement even though its enforceability with regard [*4]to decedent's readmission had yet to be established (see Gold v Mountain Lake Pub. Telecom., 124 AD3d 1050, 1051-1052 [2015]; see e.g. Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d at 133-134; Presbyterian Home for Cent. NY, Inc. v Thompson, 136 AD3d 1421, 1421-1422 [2016]; Troy Nursing & Rehabilitation Ctr., LLC v Naylor, 94 AD3d at 1354-1356; Putnam Nursing & Rehabilitation Ctr. v Bowles, 239 AD2d 479, 481 [1997]).
Although "tax returns are generally not discoverable unless the party seeking them shows that they are relevant to issues in the case, indispensable to the claim and unavailable from other sources" (Div-Com, Inc. v Tousignant, 116 AD3d 1118, 1119 [2014]; see Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [2000]), we are satisfied that plaintiff made the requisite showing here, particularly given defendants' reluctance to produce responsive documents or interrogatory responses that may have otherwise provided information contained in decedent's tax returns (see DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div., 78 AD3d 1316, 1319 [2010]). That said, we find that the scope of the disclosure should be limited. Plaintiff sought decedent's tax returns from 2004 to 2010, but the obligation to utilize decedent's available assets and/or resources to pay for his care did not arise until decedent's initial admission to Westmount in April 2009. Defendants must therefore disclose any tax returns of decedent for the years 2008 — one year prior to execution of the agreement — through and including 2010 — the year of decedent's death — which are in their possession, custody or control (see CPLR 3120 [1] [i]; Div-Com, Inc. v Tousignant, 116 AD3d at 1120-1121; Besicorp Group v Enowitz, 268 AD2d 846, 848 [2000]).
We further find that plaintiff is entitled to disclosure of any accountings, balance sheets and income and expense statements of the trust for this same time period. The record reveals that the trust owned substantial assets, including shares of stock in two closely-held corporations, and it is undisputed that Jeffrey Garry, as decedent's attorney-in-fact, had access to this resource during the time period surrounding decedent's admission to Westmount. Indeed, decedent's 2010 application for Medicaid benefits was denied on the basis that he had excess resources that included the trust. Decedent's interest in the trust was at that time valued by the Warren County Department of Social Services to be $450,000, and plaintiff has come forward with compelling proof suggesting that this was a conservative valuation. Inasmuch as the accountings, balance sheets and income and expense statements for the period spanning from 2008 through 2010 would disclose information concerning the nature and value of trust assets available to pay for decedent's care, they are relevant to plaintiff's breach of contract claims. These financial documents are also relevant to plaintiff's fraudulent conveyance cause of action, which alleges [*5]that substantial assets of the trust were transferred to its beneficiaries without fair consideration following decedent's admission to Westmount in April 2009 (see Debtor and Creditor Law § 273). Accordingly, such documents must be disclosed.
Finally, Supreme Court properly exercised its discretion in declining to compel disclosure of the remaining financial information sought by plaintiff, as those demands were overly broad and burdensome (see Saratoga Harness Racing v Roemer, 274 AD2d at 889; Slate v State of New York, 267 AD2d 839, 840-841 [1999]). Plaintiff's remaining arguments, to the extent not specifically addressed herein, are either unpreserved for our review or have been found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order entered May 20, 2019 is affirmed, without costs.
ORDERED that the order entered August 28, 2020 is modified, on the law, without costs, by reversing so much thereof as (1) denied plaintiff's motion to compel disclosure of the state and federal tax returns of Joseph Garry Jr. for the years 2008 through 2010, and any accountings, balance sheets and income and expense statements of defendant The Garry Family Trust for the years 2008 through 2010, and (2) granted the cross motion by certain defendants for a protective order as to the demands for said disclosure; motion granted and cross motion denied to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Under the terms of the trust, Michael Garry was appointed as successor cotrustee upon decedent's death.

Footnote 2: The parties stipulated that the referee's determination would apply to both action Nos. 1 and 2.

Footnote 3: If it were not self-evident that discovery of decedent's tax returns would yield material and relevant information concerning his available assets and resources, plaintiff demonstrated as much by proffering as an exhibit to its second motion to compel an unsigned copy of decedent's 2010 federal tax return, which revealed, among other things, that decedent was owed a debt of more than $270,000 from one of the closely-held entities in which he had an interest.