Cooke v Greenhouse Hudson, LLC (2024 NY Slip Op 04106)

Cooke v Greenhouse Hudson, LLC

2024 NY Slip Op 04106

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

CV-23-2267
[*1]Erin Goldman Cooke, Appellant,
v
Greenhouse Hudson, LLC, et al., Respondents. (And a Third-Party Action.)

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Cooper Erving & Savage LLP, Albany (Carlo A.C. de Oliveira of counsel), for appellant.
Keane & Beane, PC, White Plains (Edward J. Phillips of counsel), for respondents.

Clark, J.
Appeal from an order of the Supreme Court (Sara W. McGinty, J.), entered November 27, 2023 in Columbia County, which, among other things, denied plaintiff's motions to compel certain discovery.
When the COVID-19 pandemic began, plaintiff and her husband were the sole members of G.G. & G. Flower Co., LLC, a domestic limited liability company that owned real property in the City of Hudson, Columbia County and operated a full-service flower shop thereon. Plaintiff, as the manager of the flower shop, followed safety measures aimed at reducing the risk of spreading COVID-19, such as preventing customers from entering the shop, conducting all sales electronically with orders available for either curbside pick-up or delivery and requiring all employees to wear face coverings. According to the complaint, plaintiff is immunocompromised due to having asthma and a blood disorder, placing her at an increased risk of becoming seriously ill if she were to contract COVID-19. When health agencies began easing the COVID-19 restrictions, plaintiff maintained her safety measures. In September 2021, G.G. & G. Flower Co. sold the real property to defendant Greenhouse Hudson, LLC and the flower shop business to defendant Green Street Floral, LLC; defendants Jennifer Mojo and David Mojo (hereinafter collectively referred to as the Mojos) were the sole members in both of these domestic limited liability companies. As the Mojos resided in the State of Washington, Greenhouse Hudson also entered into a postclosing employment agreement with plaintiff whereby plaintiff agreed to continue managing the shop until June 2022, at which time the Mojos anticipated moving to Hudson.
Plaintiff alleged that, starting in December 2021, the Mojos began to ease the COVID-19 safety measures and reopened the flower shop to customers, so long as they wore masks while in the shop. Plaintiff complained that the changes placed her life at risk due to her immunocompromised status but offered to continue her job duties if the Mojos instituted certain additional safety measures aimed at mitigating the risk to plaintiff. The Mojos granted some of plaintiff's requests but, according to plaintiff, began removing the safety measures by February 2022. By email dated February 13, 2022, plaintiff advised the Mojos that she would resign after Valentine's Day; David Mojo responded the same day, terminating plaintiff's employment immediately.
Plaintiff commenced this action alleging, among other things, that defendants had discriminated against her for her immunocompromised status and had refused to provide her with reasonable accommodations in violation of Executive Law article 15. Consequently, plaintiff brought claims of discrimination, failure to accommodate a disability, retaliation and breach of contract against defendants. Defendants answered and, as relevant on appeal, Green Street Floral brought a counterclaim alleging that plaintiff had tortiously interfered with the flower shop's longstanding [*2]business relationship with a funeral service provider.[FN1] As the parties exchanged discovery, several disputes arose, prompting the filing of three motions to compel. First, plaintiff moved to compel Jennifer Mojo (hereinafter Mojo) to return to Columbia County in person to complete a deposition that plaintiff alleged defense counsel improperly cut short, and for monetary sanctions as a result of defense counsel's conduct. Second, plaintiff moved to compel defendants to turn over certain financial documents that she alleged were relevant and material to the case. Third, defendants sought to compel plaintiff to disclose her COVID-19 vaccination status as well as her communications with other individuals on a range of topics. Through an order addressing all three motions, Supreme Court directed Mojo to appear virtually to complete her deposition but otherwise denied plaintiff's motions; the court granted defendants' motion to compel. Plaintiff appeals.
As to the first motion to compel, plaintiff argues that Supreme Court abused its discretion in declining to order Mojo to return to Columbia County to complete her deposition in person; however, as the deposition was completed virtually during the pendency of this appeal, such argument has been rendered moot (see Matter of Verdugo, 202 AD3d 451, 452 [1st Dept 2022]; Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 112 AD3d 1024, 1025 [3d Dept 2013]). Plaintiff also alleges that defense counsel improperly directed Mojo not to answer a question and then abruptly ended the deposition, and that Supreme Court should have granted her costs for such inappropriate conduct. The record reflects that, after Mojo answered a question, defense counsel asked, "Is now a good time for a break? We're going for about two hours." Plaintiff's counsel responded, "Sure. Let's take a quick break." Upon returning from the break, plaintiff's counsel asked Mojo whether she had any conversations with defense counsel during the break, prompting defense counsel to object and direct his client not to answer. Plaintiff's counsel immediately reached out to Supreme Court, which offered to rule on the issue but ultimately allowed the parties to brief the issue in writing, with plaintiff reserving the right to recall Mojo, if needed. Around 5:00 p.m., defense counsel stated that, in his calculation, only 30 minutes remained in the deposition; plaintiff's counsel objected, arguing that more time remained. At 5:36 p.m., as plaintiff's counsel concluded a line of questioning, defense counsel brought the deposition to a close, over the objection of plaintiff's counsel.
Our review of the record simply does not align with plaintiff's factual assertions. Contrary to plaintiff's contention, the deposition transcript does not reveal that defense counsel "interrupt[ed] the deposition for the purpose of communicating with" Mojo (Uniform Rules for Trial Cts [22 NYCRR] § 221.3). On this record, which is devoid of any suggestion that defense [*3]counsel interrupted the deposition to communicate with Mojo, that any such communication took place or that there was any coaching or impropriety — and where plaintiff points to no such evidence — we decline to interpret the Uniform Rules for Trial Courts (22 NYCRR) § 221.3 as requiring "a deponent to disclose the content of [her] conversation with counsel during a natural break in a deposition while there is no question pending" (Pape v Suffolk County Socy. for Prevention of Cruelty to Animals, 2022 WL 1105563, *5, 2022 US Dist LEXIS 68430, *15 [ED NY, Apr. 13, 2022, No. 20-cv-01490 (JMA/JMW)]). Additionally, although we do not condone defense counsel calling the deposition to a close, defense counsel acknowledged that approximately 60 minutes remained in Mojo's deposition and offered to produce her virtually. Under these circumstances, Supreme Court properly exercised its discretion in declining to grant plaintiff's request for costs (see CPLR 8106; 22 NYCRR 130-1.1 [a]; Sarkar v Pathak, 67 AD3d 606, 607 [1st Dept 2009]; compare Kern v City of Rochester, 261 AD2d 904, 905 [4th Dept 1999]).
The second and third motions center on the parties' demands for documentary evidence. "The party seeking discovery bears the burden of proving that the discovery request is reasonably calculated to yield material and necessary information" to prosecute or defend an action (Harmon v Diocese of Albany, 204 AD3d 1270, 1271 [3d Dept 2022] [citation omitted]; see CPLR 3101 [a]; County of Warren v Swan, 203 AD3d 1504, 1506 [3d Dept 2022]). It is well settled that the terms "material" and "necessary" as used in CPLR 3101 (a) are to "be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" — a test that prioritizes "usefulness and reason" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal quotation marks and citation omitted]; see Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]; Levin v City of Rochester, 203 AD3d 1540, 1543-1544 [3d Dept 2022]). "[A] disclosure ruling will not be disturbed on appeal absent either an abuse of that discretion or facts warranting the exercise of this Court's corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (C.T. v Brant, 202 AD3d 1360, 1361 [3d Dept 2022] [internal quotation marks and citation omitted]; see Hart v Kinney Drugs, Inc., 67 AD3d 1154, 1158 [3d Dept 2009]).
As to the second motion, plaintiff contends that Supreme Court abused its discretion in denying her requests for certain financial documents, including bank statements and tax returns. The scope of discovery, though broad, is not unlimited, and certain personal financial records which contain confidential and private information, such as bank statements and tax returns, are only discoverable where "the party seeking them shows that they are relevant to issues [*4]in the case, indispensable to the claim and unavailable from other sources" (Div-Com, Inc. v Tousignant, 116 AD3d 1118, 1119 [3d Dept 2014]; accord County of Warren v Swan, 203 AD3d at 1508). At issue here are plaintiff's requests for the bank accounts and tax returns for each defendant, point of sale information and profit/loss statements for the flower shop, the Mojos' claimed business expenses and invoices for repairs and renovations made to the real property. Plaintiff asserts that disclosure is required because these financial records are material and necessary to allow plaintiff to defend against Green Street Floral's tortious interference counterclaim. However, that counterclaim is limited to the flower shop's relationship with a single customer, a funeral service provider. As plaintiff failed to establish how her broad requests for financial records for the entire business and for the Mojos' personal records were reasonably calculated to yield information relevant to defend against the limited tortious interference counterclaim, Supreme Court did not abuse its broad discretion in denying plaintiff's motion to compel their disclosure (see Saratoga Harness Racing v Roemer, 274 AD2d 887, 889 [3d Dept 2000]; compare Div-Com, Inc. v Tousignant, 116 AD3d at 1118-1120).
As to the third motion, brought by defendants to compel plaintiff to turn over certain communications, plaintiff asserts that Supreme Court abused its discretion because the discovery demands were overbroad and sought information that was not relevant to the action.[FN2] We disagree. The demand specified a range of topics that are relevant to plaintiff's claims, including her employment and termination from the flower shop, COVID-19,[FN3] plaintiff's alleged disability and public events that plaintiff attended or promoted during the relevant time period. Therefore, Supreme Court properly exercised its discretion in determining that such information was material and necessary to the action, and that the request was not overbroad (see Levin v City of Rochester, 203 AD3d at 1543-1544; Div-Com, Inc. v Tousignant, 116 AD3d at 1120-1121; see also McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]; Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [3d Dept 2021]).
To the extent not expressly addressed herein, plaintiff's remaining contentions have been examined and found to lack merit.
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Green Street Floral brought other counterclaims against plaintiff as well as third-party claims against plaintiff's husband and G.G. & G. Flower Co.

Footnote 2: The order on appeal also granted defendants' discovery demand for information regarding plaintiff's COVID-19 vaccination status. Inasmuch as plaintiff has turned over her COVID-19 vaccination card, her challenge to that term has been rendered moot (see Matter of Henry St. Invs., Ltd. v Brennan, 153 AD3d 1403, 1404 [2d Dept 2017]; Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie, 112 AD3d at 1025).

Footnote 3: To the extent that plaintiff alleges that her communications regarding COVID-19 impinge on privileged medical information, plaintiff placed her medical condition at issue, as her claims are premised on her immunocompromised status. As such, plaintiff waived any privilege over medical information that is material and necessary to the action, and, interpreting such standard liberally to require disclosure, as we must, we find that Supreme Court providently exercised its broad discretion in requiring plaintiff to disclose such communications (see Brito v Gomez, 33 NY3d 1126, 1127 [2019]; Levin v City of Rochester, 203 AD3d at 1543-1544; Rossi v Budget Rent A Car/Budget Car & Truck Rental, 49 AD3d 1088, 1088-1089 [3d Dept 2008], lv denied 11 NY3d 709 [2008]).